<div style="margin-right:0; text-align:right; float:right;">

Nov. Term,
1834.

M'NEAL
v.
WOODS.

</div>

## M'NEAL *v.* WOODS, in Error.

3b 48d
135 577

*Monday,
December 8.*

SLANDER. The declaration stated, that on, &c. at *Brookville*, &c. a dwelling-house, the property of *Enoch M'Carty*, was consumed by fire; and that the defendant, in a discourse concerning the said fire, spoke these words:—"I (the defendant meaning) believe that *Charles M'Neal* (the plaintiff meaning) had the house (meaning the said dwelling-house) set on fire intentionally; and the circumstances attending the case are sufficient to prove it:"—thereby alluding to the said fire; and meaning that the plaintiff had occasioned it, and had thus been guilty of arson. Plea, not guilty.

The evidence was,—that, on, &c. at *Brookville*, &c. several houses were destroyed by fire; that two of them belonged to the said *M'Carty*; that *M'Carty* was not in possession of either of the houses, one of them being in the plaintiff's possession as a tenant for the year, and the other in the possession of another

tenant for the year; and that the words charged were spoken of the plaintiff and the said fire.

The Circuit Court, on the defendant's motion, instructed the jury as follows:—

1. That arson is an offence against the possession, and if they believed from the evidence that the plaintiff was in the possession of the house as tenant for the year, he could not be guilty of arson in burning it, while it was in the plaintiff's possession as such tenant; and that if the defendant charged the plaintiff with having set that house on fire, it could not amount to a charge of arson (1).

2. That if the words charged in the declaration were spoken concerning another house, the property of *M'Carty* in fee, which was by the aforesaid fire consumed, and which was in the possession of a tenant for the year at the time of the burning, and so understood by the hearers, it would not support the charge in the declaration as to the burning the house of *M'Carty;* but that it should have been stated as the house of the tenant.

Verdict and judgment for the defendant.

*The Court* held, that the first instruction could not be objected to, but that the second was erroneous. The judgment was accordingly reversed with costs, the cause remanded, &c.

*D. J. Caswell,* for the plaintiff.

*O. H. Smith,* for the defendant.

(1) "Declaration stated, that defendant intending to cause it to be believed that plaintiff *had been guilty of wilfully setting his house and premises on fire,* said of the plaintiff, that he had set fire to his own premises, meaning that he had *been guilty of wilfully setting fire to the premises,* which, while in his occupation, had been destroyed by fire : After verdict for the plaintiff, the judgment was arrested, on the ground that wilfully setting his own premises on fire was not, except under special circumstances, a crime punishable by law; and the Court would presume only such circumstances as it was essentially necessary for the plaintiff to have proved in support of his declaration." *Sweetapple* v. *Jesse,* 5 Barn. & Adolp. 27.