*Fairfield,*
June, 1838.

The State
*v.*
Lyon.

| 12 | 487 |
| 63 | 331 |
| 12 | 487 |
| 69 | 191 |

## THE STATE OF CONNECTICUT *against* LYON.

To constitute the offence of burning a shop under our statute, (*tit.* 21. *s.* 32. *p.* 125. *ed.* 1835.) it must be alleged and proved, that the building burned was the property of another ; such property consisting, either of the entire interest, or such a possession as gives a special property while it exists.

A new trial may be granted, when the verdict is without evidence, or manifestly against the weight of evidence.

Where an information for burning a shop alleged, in one count, that it was the property of *B* and *C*, as trustees of *D*, and in another, that it was owned by *B* and *C* jointly ; no evidence whatever was offered in support of the former allegation ; and in support of the latter, the only evidence was, the testimony of one witness, that at the time the shop was burned, he was employed at work therein, by *B* ; and of another witness, that at the same time, the prisoner was at work in the shop in the employment of *E* ; it was held, that this evidence was insufficient to justify a conviction of the prisoner ; and a verdict against him was set aside, as a verdict without evidence.

THIS was an information for the burning of a shop, in two counts. In the first count, the shop was described as " a certain carriage shop of *Nathan Beers*, of *Norwalk*, and *Ward Nichols*, of *Weston*, trustees of *William C. Sammis* and *Ambrose Collins*, insolvent debtors." In the second count, it was described as " a certain carriage shop of the said *Nathan Beers* and *Ward Nichols*."

On this information the prisoner was tried at *Fairfield April* term, 1838, before *Bissell*, J.

On the trial no evidence whatever was given to prove the allegation in the first count, that the building burned was " the shop of *Nathan Beers* and *Ward Nichols*, trustees of *William C. Sammis* and *Ambrose Collins*, insolvent debtors." In support of the allegation in the second count, that the building in question was " the shop of *Nathan Beers* and *Ward Nichols*," *Ambrose Collins* testified, that at the time the shop was burned, he was employed at work therein, by *Nathan Beers*. *Alfred Seymour*, another witness, testified, that at the time of the burning of the shop, the prisoner was at work therein, in the employment of one *Uriah Seymour*. No other evidence was offered on the question of ownership. The jury found the prisoner *guilty ;* and he moved for a new trial, on the ground that the verdict was against evidence.

*Fairfield,*
*June, 1838.*

The State
*v.*
Lyon.

*Betts* and *Booth*, in support of the motion, contended, 1. That the allegation of ownership in the information was material, and proof of it was essential to a conviction. In the first place, if the building burned was not *the property of another*, the offence has not been committed. Secondly, it is necessary to allege and prove *whose* property it was, by way of *describing* the particular offence, so that an acquittal or conviction may be pleaded in another prosecution. *Arch. C. P.* 30. 35. 264. *a.* 266. 258. 2 *Stark. Ev.* 65, 6. 69.

2. That there was no evidence offered to prove the ownership, as alleged in the first count. This appears from the certificate of the judge.

3. That the testimony introduced to prove the allegation in the second count, did not support it. The testimony of one witness only went to prove, that at the time of the burning, he was employed to work in the shop, by *Nathan Beers.* If this proved any thing, it proved that the shop was owned by *Beers* alone, and not by *Beers* and *Nichols*, as alleged in the information. But it did not prove ownership, by any one. That a man employs a labourer in a particular shop, affords no evidence whatever that he owns that shop. The testimony of the other witness is obnoxious to the same objection, *viz.* that it proved nothing. But if it proved any thing, it proved that the shop was owned by *Uriah Seymour*, and so *disproved* the allegation in question. From neither witness was there a particle of testimony to prove, that *Beers* and *Nichols* owned the shop. Here was, then, a clear case of a verdict either without or against evidence.

*Belden*, contra, contended, 1. That the prisoner having been found guilty on full proof of the burning, a new trial will not be granted because the testimony on a subordinate point, was *slight*. The verdict must be *palpably* against evidence, and injustice must have been done, or a new trial will not be granted.

2. That the testimony of at least one of the witnesses conduced to prove the second count. [The counsel admitted, distinctly, that the allegation of ownership was material.]

HUNTINGTON, J. This is a motion for a new trial, on the part of the prisoner, on the ground that the verdict is without,

and contrary to evidence.   The information on which he was convicted, is brought on the 32d section of the *Crimes act, tit.* 21. *p.* 125., (ed. 1835.) which enacts, that " every person who shall wilfully burn, being the property of another, any ship or other vessel, any office, store, shop, &c., on conviction thereof, shall suffer imprisonment in the *Connecticut* state prison, for a term not less than two, nor more than five years."

*Fairfield,*
June, 1838.

The State
*v.*
Lyon.

To constitute an offence under this statute, the building must be the property of another.   It is not indeed required, that the absolute title or entire interest should be in the person named in the information as the party injured ; for such a possession, as gives a special property, while it exists, is sufficient.   It is essential to the crime of arson at common law, that the burning should be of the house or out-house of another ; and in indictments or informations for that offence, as well as for the one of which this prisoner was convicted, it is necessary to aver ownership in another, and to prove the averment as laid. It is important to enable the defendant to prepare his defence, and to plead *autrefois acquit,* or *autrefois convict,* to another prosecution for the same offence.   *Rex* v. *Breeme, Leach's C. L.* 261.   *Rex* v. *Rickman,* 2 *East's P. C.* 1034.   *Rex* v. *Glandfield, Ib.   Rex* v. *Norton, R. & R.* 510.   *Rex* v. *Clark, Id.* 358.   *Rex* v. *Daley,* 4 *C. & P.* 579.   *Rex* v. *Peace,* 3 *B. & A.* 579.   *Rex* v. *Smyth* & al. 5 *C. & P.* 201.   2 *East's P. C.* 651. 781.   2 *Hawk. P. C.* 25. pp. 71, 72.   *Commonwealth* v. *Mahar,* 16 *Pick. R.* 120.

The principles which govern the discretion of this court, in granting, or refusing new trials for verdicts against evidence, are fully explained in the late cases of *Lafflin* v. *Pomeroy,* 11 *Conn. Rep.* 440., and *Bacon* v. *Parker,* 12 *Conn. Rep.* 212. ; and in their application to the case before us, it is sufficient to remark, that the power to grant a new trial may be exercised, when the verdict is without evidence, or manifestly against the weight of evidence.

It is quite clear, that the conviction upon the first count in this information was without the slightest proof of the ownership of the shop as alleged ; for it appears no evidence whatever was offered in support of this averment.   The verdict cannot, therefore, be sustained on this count.

And we think the evidence introduced to support the second count, was wholly insufficient to justify a conviction.   There

*Fairfield,*
June, 1838.

The State
*v.*
Lyon.

was certainly no proof that *Beers* was the absolute owner of the shop; and the evidence that he was in possession, is slight and very inconclusive. It is inferred simply from the fact that one of the witnesses was employed at work in the shop, by *Beers*. This, however, is entirely consistent with the supposition that another person was in possession; for *Beers* might have sent the witness to labour for him, in a shop occupied by his friend or neighbour. Besides, the prisoner was at work at the same time, in the same shop, in the employment of *Uriah Seymour ;* and if the employment is sufficient evidence that *Beers* was in possession, it is equally strong evidence that *Seymour* also was in possession; and thus the testimony would prove an occupancy or possession by *Beers* and *Seymour,* while the information alleges the property or possession of the shop to be in *Beers* and *Ward Nichols.*

If, however, it be admitted, there was some evidence of a lawful possession by *Beers,* it is certain there was none conducing to prove such a possession in *Beers* and *Nichols.* No witness testified, that *Nichols* had any interest in the shop, or in any manner occupied it. His name is not connected with any testimony exhibited on the trial. The conviction, therefore, on the second count, which describes *Nichols* as one of the owners of the shop, was as clearly without evidence, as was the conviction on the first count, which describes the shop as the property of *Beers* and *Nichols,* trustees of *Sammis* and *Collins.* Any further illustration or argument in this case, seems unnecessary. We are all satisfied the conviction was wrong; and consequently, advise a new trial.

In this opinion the other Judges concurred.

New trial to be granted.