RENSSELAER GENERAL TERM, June, 1848.   *Harris, Watson, and Parker*, Justices.

FLANDERS and others *vs.* MERRITT.

*Prima facie* the owner of a vessel is liable for supplies furnished therefor. And it will be presumed that such supplies were furnished upon his credit, until that presumption is rebutted by proof that the credit was in fact given to some other person.

The fact that the purchaser of a vessel suffers the vendor to remain in the possession of such vessel, and to receive her earnings; but without divesting himself of his right, as owner, to the control and possession and earnings of the vessel; will not overcome the presumption of his liability for supplies, arising from the legal ownership.

THIS action was brought against the defendant, as owner of the sloop Emigrant, for supplies furnished to one Brintnall, as master of the vessel. It was tried before a referee, who reported in favor of the defendant. The plaintiffs moved to set aside the report. It was proved, before the referee, that the plaintiffs, in 1843, furnished, for the use of the vessel, upon the order of Brintnall, supplies to the amount of $67,03. A certificate of the enrolment of the vessel in the name of the defendant, on the first day of November, 1842, was produced, and the books of the custom house showed that the defendant continued to be owner of the vessel until the 21st of March, 1844. Joseph Brintnall testified that he conveyed the vessel to the defendant at the date of the enrolment, but continued in possession and run her during the season of 1843, as he had done the season before; that he employed his son as master, and that the defendant had nothing to do with employing the master, or running the vessel. The bill of sale to the defendant was made to secure him as endorser for Brintnall. The earnings of the vessel were received by Brintnall, and never accounted for to the defendant. The referee decided that, inasmuch as it was proved that during the time the supplies were furnished, Brintnall had the possession, care and custody of the vessel,

Flanders *v.* Merritt.

and received her earnings, he was the owner, *pro hac vice*, and, as such, was liable for the supplies.

*J. N. Taylor*, for the plaintiffs.

*A. K. Hadley*, for the defendant.

*By the Court*, HARRIS, J.   The bill of sale of the vessel from Brintnall to the defendant seems to have been absolute, and on the first of November, 1842, the defendant having made oath that he was *sole owner*, had the vessel registered in his own name.   The vessel in fact remained in the possession of Brintnall until November, 1843, when the defendant took actual possession and afterwards sold it, as owner.   Upon this state of facts, I think the defendant was to be regarded as owner at the time the supplies were furnished by the plaintiffs. I understand he was so regarded by the referee.   But, inasmuch as the defendant had not taken possession of the vessel, but had suffered Brintnall to retain the possession and receive the earnings, the referee held that he was to be regarded as the contracting party, as owner *pro hac vice*.   The true question here is, upon whose credit were the supplies furnished ?   Prima facie the owner is liable.   The supplies are furnished upon the credit of the "*vessel and owners.*"   So that legal or registered ownership is prima facie evidence of liability.   The defendant stands in this position.   Being the legal owner, it will be presumed that the supplies were furnished upon his credit as such owner, until the presumption is rebutted by proof that the credit was in fact given to some other person.   (3 *Kent's Com.* 133, 136, *and cases there cited.*)

If, as in the case of a charter party, the legal owner is not entitled to the control and management of the vessel, and has no right to receive its freight and earnings, this is sufficient to overcome the presumption of liability arising from legal ownership.   The owner, in such a case, divests himself, *pro hac vice*, of ownership.   His responsibility as owner is transferred to the charterer.   The question in this case, then, is whether

the facts proved rebut the presumption of the defendant's liability arising from his being the legal owner of the vessel. I think they do not. It is true that the defendant had suffered Britnall to remain in the "possession, care and custody" of the vessel, and to receive her earnings, but it does not appear that he ever, for a moment, divested himself of his right, as owner, to the control and possession and earnings of the vessel. Brintnall was at all times subject to the will of the defendant, and was liable to him, as owner, for any freight he received. There was nothing in the relation in which Brintnall and the defendant stood to each other, in reference to the vessel, which could divest the latter of his legal possession and beneficial interest in her. I cannot see how his responsibility as owner was diminished by the fact, that he permitted Brintnall to continue in the actual possession of the vessel and to take her earnings. The report of the referee must, therefore, be set aside.

