The order appealed from should be affirmed with $10 costs.

Order reversed.

[NEW YORK GENERAL TERM, November 5, 1866. *Ingraham, Clerke* and *G. G. Barnard,* Justices.]

---

·FORD and others *vs.*· CROCKER and others.

In an action against the owners of a ship, for goods furnished to the ship, on the order of the captain, the plaintiff must give some proof to show that the articles furnished were necessaries.

The rule adopted in the courts of this country, while it admits the right to confine the supplies thus furnished to such as are necessary, leaves the decision as to what is necessary rather to the captain than to the creditor.

Tradesmen are not called upon, before delivering supplies for a vessel on the order of the captain, to examine whether each article ordered is actually necessary to enable the vessel to make the voyage. If it is proper that they should be ordered on account of, and for the use of, the vessel, the vendors may rely on the captain to decide whether they are necessary or not; and his order for the goods on that account is sufficient.

In the absence of any proof that any part of the plaintiff's account was furnished for the private use of the captain, evidence that the supplies were ordered by the captain for the use and on account of the vessel, and that they were furnished, is *prima facie* sufficient to charge the owners.

THIS action was brought against the defendants, as owners of the American ship Forrest, for goods furnished to the ship, and money paid for premiums of insurance, in London, on the order of the captain. Upon the trial, no direct proof was given that the articles furnished were necessaries, and the defendant requested the judge to charge the jury that in such a case it was incumbent on the plaintiff to prove that

the articles furnished on such order were necessaries ; and when the fact as to said articles being necessary was put in issue, the burden of proof was on the plaintiffs. The judge refused so to charge, and added : " Express proof is not requisite that the supplies were necessary. It may be inferred from the whole circumstances of the case." To this the defendant excepted, and the jury having found a verdict in favor of the plaintiffs, the defendants appealed from the judgment entered thereon.

*G. Dean,* for the appellants.

*D. D. Lord,* for the respondents .

*By the Court,* INGRAHAM, J. I think there can be no doubt that under the decisions of the English courts, it is necessary to give some proof on the part of the plaintiff to show that the articles furnished were necessaries. The rule is stated by *Abbott,* when referring to *Thacker* v. *Moates,* (1 *M. & Rob.* 79,) to be that the creditor is required to prove the actual existence of the necessity for those things which give rise to the demand. The authority of the master is to provide necessaries. If, therefore, a person trust him for a thing not necessary, he trusts him for that which is not within the scope of his authority to provide, and consequently has no right to call on his principal for payment." (*Rocher* v. *Busher,* 1 *Stark.* 27. *Palmer* v. *Gooch,* 2 *id.* 428.)

So it is said by Dr. Lushington, in the case of *The Alexander* (1 *W. Rob. Adm.* 361,) and *The Sophie,* (*Id.* 369 :) " I cannot find any case in our own law which does not require that the proof that the articles furnished were necessary, should come from the plaintiff, to the extent of showing that they were what a reasonable and prudent owner would have ordered. There must be some evidence ; and the doctrine that casts the *onus probandi* on the tradesman or materialman who provided the articles, is founded on great and im-

portant principles, and is wisely framed to prevent great abuses." (*See also Beldon* v. *Campbell,* 6 *Eng. L. and Eq.* 473.)

But while there must be sufficient to warrant the inference that the articles furnished were necessary, still it is not to be understood that the creditor is to inquire whether every article ordered by the master is absolutely necessary. He must believe that he is furnishing what is necessary. Of this it is the master's duty to judge ; while the creditor may not have it in his power to form an opinion. (*See case of The Sophie,* 1 *W. Rob.* 369.)

The latter rule is more properly applicable to cases of articles required for daily use on board of a vessel, which it is within the particular province of the master to order, and which he can best decide to be necessary and proper.

None of the cases seem to decide what evidence a creditor is to require, as to necessaries, before furnishing them ; and in the case of articles to be used on board of the ship. I should think the declaration of the master that he wanted articles for use on board of the vessel, and the fact that such were taken on board, would be enough to warrant the inference of their being necessary. A ship that carries passengers would need many articles which would not be needed for the crew. A different class of stores would have to be provided in the one case from the other ; and the creditor in such case must depend on the orders of the captain, with his declarations that the articles purchased are required on board of his vessel.

In the courts of this country, a rule has been adopted, not so strict as the English, and while it admits the right to confine the supplies to such as are necessary, it leaves the decision as to what is necessary, rather to the captain than the creditor. In *Provost* v. *Patchin,* (9 *N. Y. Rep.* 235,) it is said : "The general doctrine seems to be fully recognized, in the books, that where labor by way of repairs is performed upon a ship, or supplies furnished, the presumption is that it was done and furnished for the benefit and at the request

Ford *v.* Crocker.

of the owners." (11 *Mass. R.* 40. 3 *Barb.* 201.) And where the captain told the storekeeper that the supplies were needed for the vessel, the owners were held liable. (*Kenzel* v. *Kirk,* 37 *Barb.* 113. *S. C.* 21 *How. Pr.* 184.) The evidence of Goldsmith shows that the articles supplied to the vessel were so furnished by the order of the captain on behalf of the owners. Curtis, one of the plaintiffs, testifies to the same fact.

It does not appear that the defendants objected that the greater part of the account was not for necessaries, but only that a small portion of the account, amounting to about £18, was not for necessaries. I do not think, under the evidence in this case, that the plaintiffs, before delivering a bill of goods such as these were, was called upon to examine whether each article ordered was actually necessary to enable the vessel to make the voyage. It was proper that they should be ordered on account of, and for the use of, the vessel. Beyond that the sellers could rely on the captain to decide whether they were necessary or not; and his order for the goods on that account was sufficient.

The judge left to the jury the question whether any part of the account was furnished for the private use of the captain, and if so, instructed the jury that the owners were not liable. The defendants had examined the captain as a witness; and if there was any doubt on this point they could have examined him in relation thereto, but did not. In the absence of such proof, the evidence is *prima facie* sufficient to charge the owners.

The judgment should be affirmed.

[NEW YORK GENERAL TERM, November 5, 1866. *Geo. G. Barnard, Clerke,* and *Ingraham,* Justices.]