## William L. Snyder v. The People.

*Arson : Husband and wife : Dwelling house.*  Arson is an offense against the habitation, and regards the possession rather than the property; and a husband, living with his wife and having a rightful possession jointly with her, of a dwelling house which she owns and they both occupy, is not guilty of arson in burning such dwelling house.

*Arson : Married woman's act : Husband and wife : Dwelling house of another.*  Our statutes for the protection of the rights of married women have not affected the marital unity of husband and wife; nor have they changed the common-law rule as to arson, where the burning is by the husband, of the house of the wife, occupied as a dwelling or residence by both; such burning would not be arson at common law, nor is it the burning of "the dwelling house of another," contemplated by our statute.—*Comp. L. 1857*, § *5745.*

*Arson : Husband and wife : Separation.*  Whether the rule would be the same where the family relation is broken up in fact, and husband and wife are living apart from each other :—*Quære ?*

*Heard October 10.    Decided November 7.*

Error to Van Buren Circuit.

*Newton Foster* and *L. A. Tabor,* for plaintiff in error.

*Dwight May, Attorney General,* for the People.

COOLEY, J.

The plaintiff in error was informed against for arson,

which is charged to consist in the felonious burning, in the night time, of the dwelling house of Mary A. Snyder. On the trial it appeared that Mary A. Snyder was his wife, and defendant (below) insisted that he could not be guilty of arson in burning her house. He also claimed to be the owner of the house, in fact, and this claim was submitted to the jury, who found against him. The prosecution, on the other hand, gave some evidence tending to show that defendant had separated himself from his wife, and given up his residence in the state. This evidence, however, did not become important on the trial, as the court instructed the jury that a husband might be convicted of arson in burning his wife's dwelling house, though residing with her, and defendant was convicted accordingly.

The statute provides that, "Every person who shall willfully and maliciously burn in the night time, the dwelling-house of another," etc., shall be punished, etc.—*Comp. L.,* § *5745.* There are numerous decisions as to what is meant by the *dwelling house of another,* as well at the common law as under like statutes to our own. Arson is an offense against the habitation, and regards the possession rather than the property.—*State v. Toole, 29 Conn., 344.* The house, therefore, must not be described as the house of the owner of the fee, if in fact at the time another has the actual occupancy, but it must be described as the dwelling house of him whose dwelling it then is.—*2 East P. C., 1034; 4 Bl. Com., 220; Whart. Cr. L., § 1638; 2 Bish. Cr. L., 2d Ed., § 24; Holmes' Case, Cro. Car., 376; Spalding's Case, 1 Leach, 217; Commonwealth v. Wade, 17 Pick., 395.* Even, it seems, though the occupation be wrongful.— *Rex v. Wallis, 1 Mood. C. C., 344; State v. Toole, 29 Conn., 344.* It follows that a lessee could not be guilty of the felony in burning the premises occupied by him as such:— *2 East P. C., 1029; 2 Russ. on Cr., 550; McNeal v. Woods,*

*3 Blackf.,* *485; State v. Lyon, 12 Conn., 487; State v. Fish, 3 Dutch., 323; State v. Sandy, 3 Ired., 570; 3 Greenl. Ev.,* § *55;* while the landlord, during such occupation, might be.—*2 East P. C., 1023–4; Sullivan v. State, 5 Stew. & Port., 175.* A jail, it has been held, may be described as the dwelling house of the jailer living with his family in one part of it.—*People v. Van Blarcum, 2 Johns., 105; Stevens v. Commonwealth, 2 Leigh, 683.* And it seems that the wife, because of the legal identity with the husband, cannot be guilty of the offense in burning the husband's dwelling, even though at the time living separate from him.—*March's Case, Mood. C. C., 182.* This would doubtless be so held whenever the wife's domicil is regarded in law as identical with the husband's, which for many purposes is no longer the case when they live separate.

It must be evident from this summary of the law on this subject, that if the husband, living with his wife, has a rightful possession jointly with her of the dwelling house which she owns and they both occupy, he cannot, by common-law rules, be guilty of arson in burning it. It remains to be seen whether the statutes have introduced any changes which would affect the case.

The statutes upon which the question arises, are those for the protection of the rights of married women. But it is to be observed, that those do not in terms go beyond the ensuring to the wife such property as she may own at the marriage, and acquire afterwards, and the giving to her the power to protect, control and dispose of the same in her own name, and free from the interposition of the husband. None of them purports to operate upon the family relations; none of them takes from the husband his marital rights, except as they pertain to property, and none of them relieves him from responsibilities, except as they relate to the wife's contracts and debts. He is still under the common-law obligation

to support the wife, and the services of the wife, which at the common law were regarded as the consideration for this support, are still supposed to be performed in his behalf and in his interest, except where they are given to her individual estate, or separate business. The wife has a right to receive her support at the husband's domicil, unless she has lost it by misbehavior, and husband and wife together have a joint interest in and control of the children, which they cannot of right sever, and which are not, even in contemplation of law, regarded as distinct, though the courts are sometimes compelled to treat them as if they were so, when difficulties arise which make legal intervention essential to the protection and welfare of the children. As regards her individual property, the law has done little more than to give legal rights and remedies to the wife, where before, by settlement or contract, she might have established corresponding equitable rights and remedies, and the unity of man and woman in the marriage relation, is no more broken up by giving her a statutory ownership and control of property, than it would have been before the statute, by such family settlement as should give her the like ownership and control. At the common law, the power of independent action and judgment was in the husband alone; now it is in her also, for many purposes; but the authority in her to own and convey property, and to sue and be sued, is no more inconsistent with the marital unity, than the corresponding authority in him. She is still presumptively his agent to provide for the household, and he is not deprived of the rights, or relieved of the obligations of head of the household, except as by their dealings and intent to that effect is indicated.

So far from an intent having been manifested on the part of the legislature to regard the family as simply a voluntary association of two persons, legally independent of each

other, with their progeny, several of the changes have been in the direction of a unification of interests. Thus, the husband is deprived of all authority to sell, mortgage or otherwise charge the homestead without the wife's consent, though his title thereto may be complete and absolute.—*Const., Art. XVI.*, §§ *2, 3; Dye v. Mann, 10 Mich., 291; McKee v. Wilcox, 11 Mich., 358; Ring v. Burt, 17 Mich., 465.* He is also precluded from selling or encumbering such personal chattels as are exempt by law from execution, unless with her assent (*Comp. L., § 4465*); and if he shall attempt to do so, she may bring action to recover the same in her own name.—*Comp. L., § 3294.* These powers and privileges in respect to the husband's property are not conferred on the wife for her own benefit exclusively, or in order to give her interests independent of the husband; but they are given her for the benefit of the whole family, in order that they may not be deprived of the reasonable means of support which the law has endeavored to save to them, and to the end that they may be kept together as a family, if such shall be their desire. And after the death of the husband and father, the family unity is still regarded in the protection which is given to the homestead.—*Const., ubi supra.*

We have said that the wife is entitled to support at the husband's domicil, and, as we have seen, she may prevent his disposing of it. The statute has not given him a corresponding right to impede or preclude conveyances or encumbrances by the wife, but nevertheless, so long as they occupy together, he is not to be considered as being upon the premises by sufferance merely. He is there by right, as one of the legal unity known to the law as a family; as having important duties to perform, and responsibilities to bear in that relation, which can only be properly and with amplitude performed and borne while the legal unity rep-

resents an actuality; as having rights in consort and off-spring which can only be valuable reciprocally while the one spot, however owned, shall be the home of all; and in many ways he still represents the family in important relations of society and government. Some of the legislation on the subject is exceedingly crude; some of it has injudiciously given powers to the wife in the disposition of property which it has prudently denied to the husband; but none of it makes the husband a stranger in law in the wife's domicil. The property is hers alone, but the residence is equally his; the estate is in her, but the dwelling house, the *domus*, is that of both.

If, therefore, the husband shall be guilty of the great wrong to his wife and family, of setting fire to the house they inhabit, he is no more guilty of arson in so doing than the wife was at the common law for a like wrong to the dwelling house of the husband. The case is a very proper one for a penal statute, but none has yet been enacted to meet it. The house, in legal contemplation, as regards the offense under consideration, is the dwelling house of the husband himself.

But, in so holding, we do not decide that if the family relation is broken up in fact, and husband and wife are living apart from each other, whether under articles of separation or not, the same exemption from criminal liability can exist. There is much reason for holding that the wife's dwelling house can be considered that of the husband, only while he makes it such in fact, and that there is no such legal identity as can preclude her house being considered, in legal *proceedings* against him, as the dwelling of "another," when it is no longer his abode. That case was not fairly presented upon this record, and was barely alluded to on the argument; and it must be left for the proper consideration when it becomes necessary to decide

it. We confine our attention now to the case of a husband in the practical exercise of the right to reside with his family in the wife's dwelling house, which the wife, at the same time, practically concedes. In such a case the dwelling house cannot be said not to be that of the husband.

It follows that the judgment was erroneous, and it must be reversed, and a new trial ordered.

The other Justices concurred.