# Adams *et al. v.* The State.

*Indictment for Arson.*

1. *Arson; what sufficient allegation of ownership, in indictment for.*—Under our statutes, as at common law, arson is an offense against the possession rather than the property, and the possession, not the tenure or interest in the property, must be described; hence, in an indictment under the statute for the arson of a crib, ownership is property laid in one tenant who had actual possession and exclusive occupancy of the premises on which it was situate, under the contract with the co-tenant, though the fee was in the two jointly, as tenants in common.

APPEAL from Chambers Circuit Court.
Tried before Hon. JAMES E. COBB.

(12)

[Adams et al. v. The State.]

The appellants, Joshua Adams and Crosby McIntosh, were jointly indicted, tried and convicted for the burning of a crib. The indictment averred that it was the property of one Caleb N. Williams. It appeared, on the trial, that the crib was situated on a plantation which was owned jointly by the said Caleb N. Williams and one N. L. Atkinson, but that Williams was in the actual possession of the place, under a contract with Atkinson, by which the profits annually arising from its cultivation, (after deducting the expenses of cultivation) and two hundred and fifty dollars compensation to Williams for personal services, in overlooking the farm, were to be divided equally between them. The defendants requested the following written charges: "1. If the jury believe from the evidence that the property burned belonged to Caleb N. Williams and N. L. Atkinson, as tenants in common, they must find the defendants not guilty. 2. If the jury believe from the evidence that the house which was burned, and for which the defendants are charged in the indictment, was the property of Caleb N. Williams and N. L. Atkinson, and not the individual property of Caleb N. Williams, then they must find all the defendants not guilty. 3. If the jury believe from the evidence that at the time of the burning, the crib burned was the property of Caleb N. Williams and N. L. Atkinson, as tenants in common, and not the individual property of Caleb N. Williams, and that said Williams was in the actual possession of said property, holding both for himself and Atkinson, then they must find the defendants not guilty. 4. If the jury believe from the evidence that the property burned was at the time of the burning owned by Caleb N. Williams and N. L. Atkinson, as tenants in common, and that at said time said Williams was in the actual possession of, said property, under a contract made between himself and said Atkinson, by which he, Williams, was to run the plantation upon which the crib was situated, and out of the proceeds thereof pay all expenses, then reserve two hundred and fifty dollars for his own services, and the balance, if any, to be equally divided between Williams and said Atkinson, then they must find the defendants not guilty."

The court refused to give each of said charges, and the defendants separately excepted, and now assign such refusals as error.

ROBINSON & DENSON, for appellant.—Williams held the crib both for himself and Atkinson, and the indictment ought to have laid ownership in both of them.—See Glandfield's case, 2 East, P. C. 1034; *Commonwealth v. Wade,* 17

Pick. 393; *Martin v. The State*, 26 Ala. 72. The possession of one joint tenant is the possession of both, and the contract in this case shows that there was no severance of the possession.

H. C. TOMPKINS, Attorney-General, *contra.*—The proof in this case was that the house alleged to have been burned was the joint property of Williams and Atkinson, but that Williams was in the actual possession and control of the premises, under a contract that gave him charge thereof; it further showed that Atkinson was not living on the plantation on which the house was situate, and had nothing to do with the control of it. Arson is an offense against the possession, and it is sufficient to aver and prove that the building burned is the property of the person merely occupying.—Mathews' case, 55 Ala. 65; 2 Bishop's Crim. Pro. § 63 and 109; 2 Whorton Crim. Law, § 1677; *People v. Van Blaicum*, 2 Johnson, 105; *The State v. Taylor*, 45 Maine, 322.

BRICKELL, C. J.—The indictment is founded on the statute, (Code of 1876, § 4348,) for arson in the third degree, and charges the defendants with having set fire to or burned *a crib, being a house or building, and the property of Caleb N. Williams.* The evidence, on the trial, showed *the crib* was the property of said Williams and N. L. Atkinson, as tenants in common, but Williams had the exclusive possession, and was in the actual occupancy of the premises on which *the crib* was situate, under a contract with Atkinson, by which the annual profits of cultivation, after deducting the expenses and two hundred and fifty dollars compensation to Williams for his personal services in superintending the cultivation, were to be equally divided between them. The Circuit Court ruled ownership of the crib was properly laid in Williams, and that ruling, it is now insisted, was erroneous. An indictment for arson at common law, or in either of its degrees, as defined by the statutes, must aver the ownership of the house or other property which is set fire to or burned. But at common law, and under the statutes the offense is against the possession rather than the property.—*Snyder v. People* 26 Mich. 106; *The State v. Toole*, 29 Conn. 344; *Davis v. The State*, 52 Ala. 357; *People v. Van Blaicum*, 2 Johnson, 105. The possession, not the tenure or interest in the property, must be described.—2 Whar. Cr. Law, §§ 1610–11, 1677; 1 Bish. Cr. Pro. § 573. Therefore, at common law, the offense reaching only the dwelling house, the indictment must not have averred it was the house of him in whom the fee resided, if in fact another had the actual occupancy,

[Herring, Farrell & Sherman v. Skaggs.]

even though the occupancy was wrongful.— *Snyder v. People, supra.* Williams having the actual and rightful possession of the crib, and the premises on which it was situate, ownership in him was properly laid in the indictment.

We find no error in the record, and the judgment must be affirmed.