## City Court.

*Trial Term—June*, 1885.

## DALY *against* MOUROE.

The master of a vessel, as general agent of the owners, has authority in the home port to bind them by his contract for necessaries.

An undisclosed principal is not liable if the goods were charged to the agent, and the principal, in ignorance that any claim is made on him, pays the demand to the agent.

McADAM, Ch. J.—While it is true, that the master of a vessel, as general agent of the owners, has authority in the home port to bind them by his contract for necessaries (9 *N. Y.* 235 ; 48 *Barb.* 144, 145). the evidence shows that Captain Towns was not appointed master until after the claim in suit had been contracted, so that the principle invoked has no application. The further theory that Towns acted as the agent of the defendant, and that the latter is liable as an undisclosed principal, is inapplicable, because the defendant, in ignorance of the assumed agency, and under the belief that Towns was principal, paid him before the plaintiff made any demand upon him (1 *Daly*, 145, 412 ; 9 *B. & C.* 78, 88). The complaint was, therefore, properly dismissed, and the motion for a new trial must be denied.

### Authority of Master of Ship.

As to the authority of the matter of a ship to make contracts, see *Story on Agency*, §§ 116, 161, 294, 296. In general, the master is personally responsible, as well as the owner, upon all contracts made by him within the ordinary scope of his powers, whether they be in writing or otherwise (*Ib.*). .

The owners of a trading ship are bound to the performance of every lawful contract made by the master relative to the usual

employment of the ship (*Abbott on Shipp.* 8 ed. 124). In the home port, the master's presumed power as agent for the owners, will bind them for all proper contracts for fitting out, victualling and repairing the ship, unless it shall be shown that the owners themselves, or a ship's husband, managed the vessel, and that the party contracting with the master was aware of this (*Dixon Law of Shipp.* 40). The master is the presumed and accredited agent of the owners in fitting out, victualling and repairing the ship abroad ; and for his engagements in these respects, or even for money borrowed for the purpose of furnishing necessaries for the ship, the owners will be bound, provided the loan appears to be fairly supported by evidence of existing necessities (Hurry *v.* Allen, 6 *Mass.* 163 ; James *v.* Bixby, 11 *Id.* 34 ; Wainwright *v.* Crawford, 4 *Dall.* 225 ; Millward *v.* Hallet, 2 *Caines,* 77). But he is not considered as the general agent of the owners; his authority is limited solely to the objects and purposes of the voyage (Mervin *v.* Shailer, 12 *Conn.* 489). The master is a general agent to perform all things relating to the usual employment of his ship; and his authority, as such agent, to perform such things as are necessary in the line of business in which he is employed, cannot be limited by any private orders not known to the party in any way dealing with him. He is not the agent of the owners to settle any claims against the vessel, or against them, except such as accrue during the time he is master (Kelly *v.* Merrill, 14 *Maine,* 228).

The ground of the owner's liability for acts of the master is : 1st. The authority to act for them, of which his position furnishes presumptive evidence. 2d. The fact that the owners receive the benefit of the contract; and consequent presumption that arises thereon is that it was made at their instance and request (James *v.* Bixby, 11 *Mass.* 34 ; Buxton *v.* Lull, 1 *Ves.* 154 ; Dane *v.* Hallock, 4 *Pick.* 458.

## Master Liable for Negligence.

The master of a general or carrier ship, as well as the owner, is liable for the misfeasance, negligence and want of care of all persons to whom the management of the vessel is intrusted (*Story on Agency,* §§ 315, 316).

## Liability of Undisclosed Principal.

A party contracting with an agent is not concluded from resorting to the principal, unless it distinctly appears that, with full

Daly *v.* Mouroe.

knowledge of all the facts, he elected to hold the agent and abandon the claim against the principal. Unless defendant proves this, the plaintiff may hold either, and neither is discharged till the claim is paid (Meeker *v.* Cleghorn, 44 *N. Y.* 349 ; Butler *v.* Evening Mail Assn., 61 *Id.* 634 ; Coleman *v.* First Nat. Bk., 53 *Id.* 388 ; Cobb *v.* Knapp, 71 *Id.* 348).

### Exception to rule as to Liability of Principal.

There appears to be an exception to the rule that a person who has dealt with an agent, believing him to be the principal, can sue the principal when disclosed, to the effect that no such suit can be maintained, if, after the liability was incurred, anything has occurred to make it unjust that the undisclosed principal should be called upon to make the payment. The question has usually arisen when a commission merchant has bought goods for an undisclosed principal, and the principal has in good faith paid the commission merchant before the vendor has made any claim upon the principal. There is a very striking contrariety of opinion, however, in the authorities, particularly the English cases, as to the true nature of this exception. Some cases hold that if anything has occurred by which the undisclosed principal has changed his position to his prejudice, that discharges him (Thompson *v.* Davenport. 9 *B & C.* 88 ; Smyth *v.* Anderson, 7 *C. B.* 21 ; Armstrong *v.* Stokes, *L. R. Q. B.* 598 ; Smethurst *v.* Mitchell, 1 *El. & El.* 621). Other cases hold that the principal is not discharged, unless the party seeking to hold him liable has induced him, either by some act or by laches, to change his position to his prejudice (Waring *v.* Favinck, 1 *Camp.* 85 ; Kymer *v.* Sumercropp, 1 *Camp.* 109 ; Heald *v.* Kenworthy, 10 *Exch.* 745 ; Irvin *v.* Watson, *L. R.* 5 *Q. B. Div.* 102 ; S. C. on appeal, *Id.* 414 ; Davison *v.* Donaldson, *L. R. Q. B. Div.* 623). The cases in this State seem to hold that it is sufficient to exonerate the principal that he has paid the agent, or that it would be inequitable for any reason to hold him · (Laing *v.* Butler, 37 *Hun,* 144 ; Knapp *v.* Simon, 96 *N. Y.* 284 ; Fish *v.* Wood, 4 *E. D. Smith,* 327 ; Bowman *v.* Buttman, 1 *Daly,* 412 ; McCullough *v.* Thompson, 45 *N. Y. Super. Ct.* 449.)