Summers, J.
The plaintiff in error was indicted by tbe grand jury of Stark county for burning a building, Ms own property, with intent to prejudice tbe insurer. Tbe crime was described in tbe indictment in tbe following language: “Did unlawfully, wilfully, and maliciously burn a certain building, to-wit: A building used as a storehouse by Robert Legg, of tbe value of more than fifty dollars, tbe property of tbe said Edwin Jones and Mary Jones, with intent in so doing to prejudice, damage, and defraud Tbe Cernían Pire Insurance Co., of tbe city of Pittsburg, Pennsylvania, tbe insurer of said property, which said building used as a storehouse *37 by said Eobert Legg, tbe property of said Edwin Jones and Mary Jones, was then and there insured against loss or damage by fire unto tbe said Edwin Jones and Mary Jones in tbe sum of $1,000 by tbe said Tbe German Fire Insurance Co. of tbe city of Pittsburg, Pennsylvania, by a contract and policy of insurance duly executed by and between tbe said Tbe German Fire Insurance Co. of tbe city of Pitts-burg, Pennsylvania, and tbe said Edwin Jones and Mary Jones therefor.” Tbe statute, section 6832, Eevised Statutes, is as follows: “Whoever maliciously burns or sets fire to any dwelling bouse, kitchen, smokehouse, shop, office, barn, stable, storehouse, warehouse, stillhouse, mill, pottery, or any other building, of tbe value of fifty dollars, or any goods, wares, merchandise, or other chattels, of tbe value of fifty dollars, tbe same being bis own property, and insured against loss or damage by fire, with intent to prejudice tbe insurer, shall be imprisoned in tbe penitentiary not more than twenty years.” A motion to quash and a general demurrer were filed and overruled. The- defendant entered a plea of guilty and then filed a motion in arrest of judgment, which was overruled and be was sentenced to three years in tbe penitentiary. Tbe circuit court affirmed tbe judgment of tbe court of common pleas and a motion is made for leave to file a petition in error in this court.
By tbe motions and tbe demurrer it was sought to question tbe sufficiency of tbe indictment on two grounds: First, that it appears upon tbe face of the indictment that tbe plaintiff is not tbe owner of tbe property; and, Second, that it does not appear that tbe plaintiff’s interest in tbe property is of tbe value of fifty dollars.
*38 At common law arson is the malicious burning of another’s house; “it is an offense against the security of the habitation rather than the property. So that by another’s house is meant another’s to occupy, consequently, at common law, one cannot commit arson of his own house, even when it is insured.” 2 Bishop’s New Criminal Law, secs. 8 and 12; Snyder v. People, 26 Mich., 106.
Our arson statute reads as follows, section. 6831, Revised Statutes: “Whoever maliciously burns, or attempts to burn, any dwelling house, kitchen, smokehouse, shop, office, barn, stable, storehouse, warehouse, railroad coach or car, malthouse, stillhouse, mill, pottery or any other building, the property of another person, or any church, meeting house, courthouse, workhouse, schoolhouse, jail or the Ohio penitentiary, or any shop, storehouse or building within the inclosed walls thereof, or any other public building, or any ship or other watercraft, or any toll bridge or any part thereof, erected across any river, wholly or partly within this state, or any other bridge erected across any of the waters within this state, or sets fire to or attempts to set fire to anything in or near to any such building, coach or .car, water craft or bridge, with intent to burn the same, shall, if the value of any such building, coach or car, water craft or bridge, burned, attempted or intended to be burned, is fifty dollars or more, be imprisoned in the penitentiary not more than twenty years, or if the value is less than that sum, be fined not more than $200, or imprisoned not more than thirty days, or both.” This section, while extending the offense of arson at common law, also comprised it, and, as we shall see, was interpreted in the light of the principles of the common law and did not make it an offense to burn one’s own building, hence the *39 reason for section 6832, Revised Statutes, making it an offense for one to burn a building bis own property, of the value of fifty dollars, with intent to prejudice the insurer.
Tbe crime under the latter section is a different crime than that under the former. The former is a crime against property while the essence of the latter is the burning of property with the intent specified.
Under the former a person is guilty if he maliciously burn the property of another whether or not it was also with the intent to prejudice, and he is not guilty thereunder for burning his own property even if it be with the intent to defraud the insurer, while under the latter he is guilty if he burn his own property with the intent to prejudice the insurer, but not for the burning of the property of another.
The reason for inserting the words “the same be-, ing his own property” in the latter section is not apparent unless it be that it was assumed that if it ;was not his own property he would be guilty under the first section. Whether or not this is so we are not called upon to determine. In Commonwealth v. Makely, 131 Mass., 421, it is ruled: “An indictment on the Gen. Sts., c. 161, sec. 1, for burning the dwelling house of another, is not sustained by proof that the defendant burned the house by the owner’s procurement, to enable him to obtain money from an insurer. ’ ’
The punishment for the two crimes is substantially the . same, and it might have been better, as is done in some states, to omit the words, “the same being his own property, ’ ’ since the gravamen of the crime is the burning of a building of the value of fifty dollars with the intent to defraud.
*40 But whatever the reason it is evident that the latter being the later enactment, is to be interpreted in the light of the former. In Allen v. State, 10 Ohio St., 287, William C. Herron was indicted for arson in burning a warehouse described as “of the value of $500, there situate, the property of the Four Mile Valley Railroad Co., a body corporate, duly incorporated by the laws of the state of Ohio; said warehouse then and there being in the possession and occupancy of one Simeon Allen, under a temporary lease of said warehouse, from said Four Mile Valley Railroad Co., to said Simeon Allen.” Judge Thurman, long a distinguished judge of this court, was counsel for the accused, and contended that the indictment did not charge Allen with arson, for the reason that Allen being the lessee in possession of the building, it was his property and not the property of another person within the meaning of- the statute, and he said (p. 295): “Again, if the tenant in possession is not the owner of the property, within the meaning of the act, who is? There may be various estates in the same property, all existing at the same time, to-wit, estates at will, for years, for life, in fee, estates in possession, remainder, reversion. Very frequently out of an estate for years, ex gra.,. for ninety-nine years, divers estates for smaller terms are created by subletting. Now, if the tenant in possession is not to be deemed the owner, which of the various tenants for years, for life, in fee, remaindermen or reversioners, is to be deeihed the owner? The indictment must aver that the building-was the property of some other person than the incendiary,. and must name such other person; which of the various persons, interested as above, shall it name?” The court ruled that the warehouse was. *41 the property of another person within the meaning of the statute. In the opinion (302), Sutliff, J., says:
“Our statute against the burning of buildings is not confined to the common law offense of arson, or felonious burning. It seems to comprehend that kind of burning, which, at common law, constituted merely a high misdemeanor, as well as those which were arson, or felonies at common law. The description of the offenses as well as the grade of-punishment, extending, as it does, from one to twenty years, seems to indicate this to have been the object of the statute; and that our statute was meant to embrace the case of a tenant wilfully and maliciously burning buildings the property of another, of which he was the tenant, or in possession. * * *
“But we think, upon sound reason and undoubted principles of law, derived from analogies, as well as from the language of the statute, it is sufficient to aver the property to be that of the general owner, as well as to aver it to be the property of the special owner or tenant. And there being no legal or reasonable objection to so comprehensive a rule, we think that consideration of public convenience and a furtherance of the ends of justice, recommend its adoption; and especially so, inasmuch as no contrary rule has ever, to our knowledge, been adopted in the courts of this state.”
In Indiana (Garrett v. The State, 109 Ind., 527), under a statute that (529): “Whoever wilfully and maliciously burns or attempts to burn any dwelling house or other building, finished or unfinished, occupied or unoccupied, whether the building be used or intended for a dwelling house or for any other purpose; * * * the property so burned being of the value of twenty dollars or upwards, and being *42 the property of another, * * * is guilty of arson, and, upon conviction thereof, shall he imprisoned in the state prison not more than twenty-one years nor less than one year, and fined not exceeding double the value of the property destroyed,” it was held that, “if a man unlawfully, feloniously, wilfully and maliciously sets fire to and burns the' dwelling house of his wife, wherein she permits him to live with her as her husband, he is guilty of arson, though he may have furnished the money to build the house.” And Howk, J., says (531): “It will be readily seen from an examination of section 1927, supra, that arson as defined in our statute is a different offense, in many respects, from arson at the common law. Arson as defined in our statute is an offense against the property, as well as the possession; and the question of occupancy or non-occupancy, habitation or non-habitation, of or in the property, as we have seen, becomes and is an immaterial question in view of the statutory definition of the offense.”
“At common law a mere tenant at sufferance could not commit arson of the house whereof he was such tenant, nor a tenant from year to year, or from month to month, or for any time however short, or as mortgagor in possession though the mortgage divested him of the legal title.” 2 Bishop’s New Criminal Law, sec. 13. But it seems there must have been an estate in the house, for a servant dwelling in .a building in the possession of the master was guilty of the offense if he maliciously burned it. And so any one maliciously burning a house in which another had an estate was guilty of burning the house ■of another person.
In B. & O. Railroad Co. v. Walker, 45 Ohio St., *43 577, it was necessary to determine the meaning of the words, “companies owning the tracks,” and Williams, J. (585), says: “An owner is not necessarily one owning the fee simple, or one having in “the property the highest estate it will admit of. One having a lesser estate may he an owner, and indeed, there may be different estates in the same property vested in different persons and each be an owner thereof. In the construction of statutes, to ascertain the proper meaning of such terms, regard must be had to their various provisions, and such effect given them as these provisions clearly indicate they were intended to have, and as will render the statute operative.” .And then he cites several instances, to which may be added The Sun Fire Office of London v. Clark, 53 Ohio St., 414, 424.
In Jackson v. Parker, 9 Cow., 73, 81, Savage, C. J., says: ‘ * The term estate is very comprehensive, and signifies the quantity of interest which a person has, from absolute ownership down to naked possession. It is the possession of lands which renders them valuable, and the quantity of interest is determined by the duration and extent of the right of possession. Real estate, therefore, includes every possible interest in lands, except a mere chattel interest.”
And in The State v. Lyon, 12 Conn., 487, under a statute which enacts that “every person who shall wilfully burn, being the property of another, any ship, etc., shall be guilty of arson,” Huntington, J., says (489): “To constitute an offense under this statute, the building must be the property of another. It is not indeed required, that the absolute title or entire interest should be in the person named in the information as the party injured; for such a possession, as gives a special property, while it exists, is *44 sufficient. It is essential to the crime of arson at common law, that the burning should be of the house or outhouse of another; and in indictments or in-formations for that offense, as well as for the one of which this prisoner was convicted, it is necessary to aver ownership in another, and to prove the averment as laid. It is important to enable the defendant to prepare his defense, and to plead autrefois acquit, or autrefois convict, to another prosecution for the same offense.”-
If the contention of counsel for plaintiff in error is sound, then the assured could not have been held for arson, for the building was not exclusively the property of another person, but partly his own. Nor is the soundness of' the conclusion reached less certain by the fact, if it be conceded, that the accused might have been prosecuted under either or both sections. Bishop’s New Criminal Law, sec. 778.
The contention that section 7224, Revised Statutes, settles the question here presented is not sound. That section provides: “When an offense is committed upon, or in relation to, any property belonging to partners or joint owners, the indictment for such offense shall be deemed sufficient if it allege the ownership of such property to be in such partnership by its firm name, or in any one or more of such partners or owners, without naming all of them; and in all indictments under section sixty-eight hundred and fifty-nine it shall not be necessary to allege that the will, codicil, or other instrument is the property of any person, or is of any value.”
But this is a rule of pleading and not of substantive law. When the purpose of averring ownership is merely to identify the crime and to enable the accused in any subsequent prosecution to plead *45 former acquittal or conviction, that section applies, hut the question here is not whose is the property, hut is it averred that the building is the property of the accused, for if not no crime is charged.
The objection that it is not charged that his property in the building is of the value of fifty dollars is not well taken. Within the letter of the statute the crime consists in burning a building of the value of fifty dollars with intent to prejudice the insurer.
It is immaterial how little is the value of his property in the building. The insurance money he could obtain would not be more than the value of his property, and the smaller his interest, the less should be the temptation and the greater the. offense.
In Elliott v. The State, 36 Ohio St., 318, 323, Johnson, J., says: “Is the indictment defective in not stating that the barn was insured for at least fifty dollars'? We think not. By the statute above cited (74 O. L., 248, sec. 2), section 6832, Revised Statutes, the value of the property insured, and not the amount of insurance thereon must be fifty dollars. The amount that the insurer would be defrauded is not a material element of the crime, but the value of the property burned should be of the value of fifty dollars. ’ ’

Motion overruled.

Spear, C. J., Davis, Shauck, Price and Crew, JJ., concur.