Allread, J.
The plaintiff in error, Eugene Shilling, was indicted and convicted for malicious destruction of property not his own, under Section 12477, General Code.
The indictment conforms to the statute. By the evidence, however, it appears that the property al *377 leged to have been injured or destroyed was that of the wife of the accused. It also appears that the accused and his wife had separated or were in the act of separating; that the accused.had returned to the former residence of himself and wife, where his wife still resided, to obtain his own goods, and while there injured and destroyed certain household goods and paraphernalia claimed to have been the separate property of the wife.
Upon the evidence as to the wife’s ownership the trial court charged in substance that if the property described in the indictment, or a part thereof, although purchased by the husband, was given to the wife with the intention on his part that it should be her property, and such facts were proven beyond a reasonable doubt, then such property, or such part thereof, should be considered the property of the wife within the meaning of the indictment.
Motions for an instructed verdict of acquittal were made and overruled. Exceptions were taken to such rulings and to the charge of the court. The plaintiff in error was found guilty as to a portion of the property described in the indictment. Motion for a new trial was overruled and the plaintiff in error was sentenced. A petition in error has been filed to review such judgment and sentence.
Counsel for the plaintiff in error relies upon State v. Phillips, 85 Ohio St., 317, and counsel for the state relies upon the case of Pratt v. State, 35 Ohio St., 514.
The opinion of Judge McIlvaine in Pratt v. State sustains the charge of the court in the case at bar as to the validity of a gift to the wife, but the question of the guilt of the husband or wife under the *378 general criminal statutes for an offense affecting the property of the other was not involved in that case.
The Phillips case is more directly in point. It was there held:
“The common law rule that neither husband nor wife can be prosecuted for larceny of the goods of the other, is not abrogated by Sections 7995 to 8004, General Code, defining the rights and liabilities of husband and wife, nor by Section 12447, General Code, defining larceny. An intention of the legislature to abolish an established rule of the common law and to create a crime where none existed before, must clearly and' unmistakably appear.”
In Hutchison v. State, 28 C. C., 595, the conviction of a husband upon a charge of arson for the burning of a building owned by the wife was sustained, and motion for leave to file petition in error in the supreme court was overruled. It does not appear that the question of the community of property between the husband and the wife was presented or considered in that case.
The Phillips case stands as the law of this state and it only remains for this court to consider whether the case at bar falls within the rule of the Phillips case, or is distinguishable. The Phillips case is founded upon the unity of husband and wife and the community of goods involved in such relationship. Judge Davis carefully states, at page 319 of the opinion:
“The case is easily distinguishable from many of the cases cited in argument, in which there appear schemes of fraud or violence of which marriage is a part or to which it is an incident, or in which the *379 wife of [or] a husband goes away from the other with adulterous intent, the paramour assisting in the asportation and use of the goods of the defrauded spouse, or in which a third person, without adulterous intercourse or intent, assisted in appropriating and using the goods which were charged to have been stolen; because none of these elements are found in this record.”
We think that the opinion in the above case shows that it was intended to limit the decision to the facts of that case, and upon full consideration we are of opinion that the decision áhould not be extended beyond the case necessarily decided. The reasons for adhering to the common-law rule in the Phillips case are thus stated in the concluding paragraph:
“Moreover, the unity of husband and wife, as recognized in the common law, is founded not merely on a community of goods, but upon the recognized obligation of both to the family and to society. The unit of society is -not the individual but the family; and whatever tends to undermine the family, by the irrepealable laws of nature will crumble and destroy the foundations of society and the state. So that the peace and sanctity of the home and family are the ultimate reason for the common law rule.”
In the case at bar the husband and wife had separated, or were in the act of separating. The family unity was broken up and the property was being divided.
In the case of Snyder v. People, 26 Mich., 106, cited with approval in the Phillips case, Judge Cooley, while upholding the common-law doctrine *380 of community of property in a case of arson, makes the following notable distinction:
“But, in so holding, we do not decide that if the family relation is broken up in fact, and husband and wife are living apart from each other, whether under articles of separation or not, the same exemption from criminal liability can exist. There is much reason for holding that the wife’s dwelling house can be considered that of the husband, only while he makes it such in fact, and that there is no such legal identity as can preclude her house being considered, in legal proceedings against him, as the dwelling of ‘another,’ when it is no longer his abode.”
The cases of State v. Wincroft, 76 N. C., 38, and State v. Matthews, 76 N. C., 42, also cited in the opinion in the Phillips case, are expressly based upon the fact that the husband and wife were living together at the time the offense was committed.
The case of Kopcyznski v. State, 137 Wis., 358, is an arson case, but directly involves the effect upon community property, when the husband and wife are living apart. The decision expressly approves the opinion of Judge Cooley in Snyder v. People, supra, and elaborates upon the exception above quoted. The syllabus in part is as follows:
“Neither husband nor wife can be guilty of such offense [arson] by burning the dwelling house which they jointly occupy as a home, regardless of the status of the title. * * * The rule * * * does not apply where it is the habitation of but one; the other, though the marital relations still exist, having left the same to reside elsewhere.”
*381 In the opinion, after stating that the common-law rule of community of property does not apply after a.separation, it is stated, at page 362:
“There is no judicial authority to the contrary brought to our attention or which we have been able to discover, nor any reason harmonizing with the logic of the common law rule as applied to the concurrence of facts to which only it relates.”
Upon a full consideration of the authorities and the reasons underlying the decisions we cannot escape the conclusion that where the husband and wife have separated, or are in the act of separating, one cannot claim the benefit of the common-law doctrine of community of goods to defeat a charge of malicious destruction of the property of the other.
The learned trial judge held that the doctrine of the Phillips case should not be applied because the offense here was not adopted from the common law. This position is not without some force, but we express no opinion upon that proposition. The phase which we have discussed is in our judgment decisive.
A marked advance has been made in the emancipation of married women in the last half-century. The right to hold and control property is now fully recognized in this state. The Married Women’s Act also provides for a separation and the division of property (now Section 7998, General Code). The act of the husband, as shown by the verdict, was of a malicious and unjustifiable character. It would seem shocking and almost incredible that in the year 1920 such an offense should go unpunished. From *382 a consideration of the entire record we find no prejudicial error, and the judgment is therefore affirmed.
Judgment affirmed. '
Ferneding and Kunkle, JJ., concur.