## FRAZIER *v.* THE STATE OF OHIO.

*Criminal law—Arson—Burning property of another—Section 12433, General Code—Husband burns dwelling of wife.*

A husband who maliciously burns the dwelling-house belonging to his wife, she having the legal title therein, is guilty of arson in burning the property of another person under Section 12433, General Code, where he and his wife have separated or were in the act of separating at the time of the burning and the wife had barred her husband from the house.

(Decided February 13, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. C. W. Smedley,* for plaintiff in error.
*Mr. Louis H. Capelle,* prosecuting attorney, and *Mr. Nelson Schwab,* assistant prosecuting attorney, for defendant in error.

HAMILTON, P. J. The plaintiff in error was indicted and convicted for the burning of a certain dwelling-house, the property of another person, under Section 12433, General Code.

The dwelling-house burned belonged to the wife of the accused, she having the legal title therein. The husband and wife had lived in the house for some time, and had separated, or were in the act of separating. On the evening of the 9th of April, the plaintiff in error returned to the house and found that his wife had left, and had left a note pinned to the door, stating "I'm through with you." He found a part of his clothing on the outside of the house. He, thereupon, broke into the house, de-

stroyed some of the furniture, threw some things out of the window, and proceeded to burn the house.

The indictment conformed to the statute, but did not show the relation of the wife to the accused.

The plaintiff in error was found guilty of arson, as charged in the indictment.

Motion for a new trial was made and overruled, and plaintiff in error was sentenced by the court.

The ground of error complained of is that the verdict is not sustained by the evidence, and is contrary to law.

The point urged by counsel for plaintiff in error is that the house being the property of the wife the burning of it does not constitute an offense under the statute, in that it was not the property of another person, and counsel relies on the case of *State* v. *Phillips,* 85 Ohio St., 317, wherein the court held:

"The common law rule that neither husband nor wife can be prosecuted for larceny of the goods of the other, is not abrogated by Sections 7995 to 8004, General Code, defining the rights and liabilities of husband and wife, nor by Section 12447, General Code, defining larceny. An intention of the legislature to abolish an established rule of the common law and to create a crime where none existed before, must clearly and unmistakably appear."

Defendant in error relies on the case of *Hutchinson* v. *State,* 8 C. C. (N. S.), 313, where the conviction of a husband on the charge of arson, for the burning of a building owned by the wife, was sustained, and motion for leave to file petition in error in the supreme court was overruled, and also on the case of *Shilling* v. *State,* 31 O. C. A., 588, wherein the court of appeals of the second district held:

"The conviction of a husband for malicious de-

struction of property belonging to his wife may be sustained where it appears that the husband and wife at the time of the alleged offense had separated or were in the act of separating. *State* v. *Phillips,* 85 O. S., 317, distinguished.''

The *Phillips case* cites the cases of *Snyder* v. *People,* 26 Mich., 106, and *State* v. *Wincroft,* 76 N. C., 38; also *State* v. *Matthews,* 76 N. C., 41, and *Kopcyznski* v. *State,* 137 Wis., but it will be noted that in all of these cases the husband and wife were occupying the premises as such in fact. But in the *Snyder case,* Judge Cooley, in the opinion, says, at page 111:

"But, in so holding, we do not decide that if the family relation is broken up in fact, and husband and wife are living apart from each other, whether under articles of separation or not, the same exemption from criminal liability can exist.''

In the case of *Kopcyznski* v. *State, supra,* the syllabus holds that neither husband nor wife can be guilty of arson "in burning the dwelling house which they jointly occupy as a home, regardless of the status of the title,'' but that it is otherwise where the house is "the habitation of but one; the other, though the marital relations still exist, having left the same to reside elsewhere.''

The case of *Thompson* v. *Thompson,* 218 U. S., 611, was a suit by the wife against the husband to recover damages for assault and battery. While a majority of the court held that the wife could not maintain such an action, a strong dissenting opinion by Mr. Justice Harlan, concurred in by Mr. Justice Holmes and Mr. Justice Hughes, upholds the right of the wife to maintain such an action, holding that the Married Woman's Acts of the District

of Columbia (which are similar to those in Ohio) give her that right, and that this is necessary to give force and effect to the Married Woman's Acts. We cite this to call attention to the trend of strong judicial authority toward the principle that the Married Woman's Acts extinguish the common-law rule of community of property of husband and wife.

It is not necessary to go to that extent in this case, as the facts show that the parties either had separated, or were in the act of separation, that the wife had barred the husband from the house, and that she herself had left, and the reasonable deduction from the evidence is that the husband maliciously and viciously burned the house for revenge, growing out of the separation.

From a consideration of the record and the law applicable, we find no prejudicial error.

*Judgment affirmed.*

CUSHING and SULLIVAN (of the Eighth Appellate District, sitting in place of BUCHWALTER, J.), JJ., concur.