*Hitchcock, J.
Upon the state of facts agreed in this case, [284 it is claimed by the plaintiffs that they are entitled to recover of the defendants the amount of moneys expended in ascertaining the fact of insanity, and in supporting the pauper up to the time of the appointment of a guardian. Whether this claim is well grounded, depends upon the act of the general assembly of January 29,1824, entitled “• an act to provide for the safe keeping of idiots, lunatics and insane persons,” etc. Section 1 prescribes the man *285 ner of proceeding to ascertain the fact of idiocy, lunacy, or insanity. Complaint is to be made to a justice of the peace of the township in which the person supposed to be insane resides, who is required to issue his warrant to a constable of his township, requiring him to bring the person charged before him, and also to summons seven discreet and disinterested freeholders to appear at the same time and place. These freeholders, “ being first duly sworn for thatpurpose, shall inquire into the case, and return their verdict in writing to the justice, whether the person complained of be an idiot, lunatic, or insane, and shall moreover certify, under their Bands, whether there is danger of such person destroying his or her own life or property, or the life or property of others, or whether such person ought to be put in confinement.”
If the inquest find that such person is an idiot, lunatic, or insanej and do not certify as their opinions that he or she ought to be put in close confinement, the act in section 2 provides, “ that the justice shall issue his warrant to the overseers of the poor of the township, where he or she may have last resided or been found, directing them to take care of and provide for the maintenance, or otherwise dispose of such person, agreeably to the provisions of the act entitled an act for the relief of the poor.”
The agreed case shows that these proceedings wore; had that the freeholders found Rachel Coozard to be insane, but that she was not dangerous and ought not to be confined. The justice, as required in such case, issued his warrant to the overseers of the 285] poor, who took charge of the pauper, and ^provided for her at the expense of the township. Had' the act stopped here, she must, unless she had property, have been sustained by the township in conformity with the “ act for the relief of the poor.”. This, of course, would have been at the expense of the township.
But there are further provisions. If the freeholders find that the insane person ought to be confined, it is made the duty of the justice “to commit such person to close confinement in the jail of the county, unless the friends or relations shall give a bond, with sureties, for the safe keeping of such person, in a sum to be approved by the justice, payable to the county treasurer for the use of the county, and shall set forth in the mittimus the cause of commitment,” etc.
It is next made the duty of the jailer, within five days after receiving such person, to notify the commissioners of the county to *286 meet on a particular day, who are required to meet and examine into the case, and, if necessary, to employ medical aid, and use such means as may be most conducive to restore the exercise of reason. In this class of cases all necessary expenditures must be defrayed by the county, as provided in section 4 of the act, unless the person confined has property wherewith to defray these expenditures.
In section 5 it is enacted, “ that in every case where a pei’son is adjudged to be an idiot, lunatic, or insane, on the verdict of a jury, the justice of the peace receiving such verdict shall issue his warrant to the overseers of the poor of the township, directing them to take charge of the estate, real or personal, of such person, and make an inventory thereof, and return the same to the clerk’s office of the court of common pleas of their county, within ten days thereafter, which return said clerk shall-file in his office.”
By section 6, the overseers of the poor are required to apply to the court of common pleas, at its next session, for the appointment of a guardian to take charge of the person and property of the •idiot, lunatic, or insane person, which appointment the court are required to make,'“and said,court shall make such allowances to the overseers of the poor, and guardians, *for their services [286 under this act, as they shall deem reasonable, to be paid out of the estate of such person ; and in case the estate aforesaid shall be wholly expended in the charges and maintenance of such person, the county shall be chargeable with all further expenses that may accrue.”
Under this last clause of the section it is claimed by the counsel for the plaintiff, that the county are in all cases chargeable with the maintenance of an idiot, lunatic, or insane person, who is a paupei'. But this must be taken in connection with the preceding parts of the law. If wo were to take this clause by itself, and construe it literally, we should have to hold that the county were not liable, except where, at the time of the inquest found, there was property. In such case, when the property is exhausted, “ the county shall be chargeable with all further expenses that shall accrue.” Such could not, however, have been the intention of the legislature, for whether there is property or not, a guardian is to appointed, and this guardian is accountable to the court of common pleas. And by that court the arnout of compensation which he shall receive for his services is to be fixed.
*287 It is admitted that there is great difficulty in giving this part ' of the act, in connection with the preceding parts, a satisfactory construction. If the insane person is not a proper subject to be confined, he is committed to the overseers of the poor of the township, who are to provide for him agreeably to the “ act for the relief of the poor.” By that act, if a pauper, he must be sustained by the township. If it is necessary to confine him, the overseers of the poor have no further control over his person; he is committed to the jail of the county, and, if a pauper, the county must defray the expense. Then comes the closing paragraph of section 6: “And in case the estate aforesaid shall be wholly expended in the charges and maintenance of such person, the county shall be chargeable with all further expenses that shall accrue.” In no part of the act is any specific provision made, that the county shall refund the expenses which may have been incurred by a township. 287] Upon the whole we incline to the ^opinion, that the 11 further expenses” relates to the expenses that may subsequently accrue, rather than to the expenses over and above the estate of the individual. Entertaining this opinion, it follows that the* county of Portage is not chargeable for the maintenance of the in-> sane pauper in this case, prior to the appointment of a guardian.
It is supposed by plaintiffs’ counsel, that section 18 of the before-recited act has a bearing upon this case. The section is as follows: “ The commissioners of any county in this stato, in which there may be any idiot or lunatic in indigent circumstances, shall, in their discretion, make such allowance as to them shall seem right, and the necessity of the case may'require, and shall issue, their order in favor of such idiot or lunatic, or their legal representatives, for the sum so allowed, to be paid out of the treasury of the said county.”
Rachel Coozard was not found to be either an idiot or lunatic, but an insane person. And we all know there is a difference between idiocy or lunacy and insanity, and this distinction is carried through this act. On this account then, this section can furnish no ground of argument for the plaintiffs. But this section manifestly does not refer to eases of either idiocy or lunacy which have been found under this act, and where the subject is a township or county charge. It refers to a class of persor s who, although indigent, are still sustained by their friends. In such cases discretionary power is vested in county commissioners to render *288, 289 assistance from the county treasury. The order to be drawn is not in favor of a township, but in favor of the idiot or lunatic, or his or her representative. Whoever will examine the legislation of the state previous to the introduction of this principle into the general law, will find that special legislation to effect the same object was not unfrequent, and no doubt the intention was to supersede the necessity of such special legislation.
Judgment for the defendants.