White, J.
This case is before us on error to tbe charge of the court as to the effect of the alleged alteration of the note, or the liability of the plaintiffs in error, who were the defendants below. The alteration consisted in adding, by the procurement or with the consent of the plaintiff, who was the payee, the name of an additional party as maker, after the note had been delivered as a perfect instrument against the original signers.
In passing on the correctness of the charge, it is important to ascertain the character of the note before the alleged alteration, and the relation to it of the original parties.
Leaving out of view the defence of Park and Wallace that they signed upon the agreement that they were only to become bound as accommodation indorsers, which must have been found against them by the jury, the three held the relation to the note of original makers, Almon Rany being the principal, and Park and Wallace his sureties. Seymore v. Mickey, 15 Ohio St. 515 ; Same v. Same, 10 Ohio St. 283.
The question as to the character of the note, has reference to whether it was joint as well as several. It is claimed on behalf of Jewell, the plaintiff below, that it was only the several note of the parties, and that the addition of another maker in no way affected its legal character. The ground of this claim is that the pronoun “I,” is used in the body of the note ; and, it is said, that this makes it the note of each signer, but not the j oint note of all. The opinion in Brownell v. Winnie, (29 N. Y. R. 408,) is cited as sustaining this claim.
We cannot assent to this view. The language “I promise,” &c., makes the note the joint or united as well as the several contract of all the signers. The pronoun represents the signers collectively as well as severally. The contention in the earlier cases was that such a note was joint only, but we have found no case in which such a note has been declared not to be joint, except that of Brownell v. *172 Winnie, supra. Marsh v. Ward, Peake’s R. 130 ; Clerk v. Blackstock, 1 Holt’s N. P. 474; Hemmenway v. Stone, 7 Mass. 58 ; Ladd v. Baker, 6 Foster, 76 ; Story on Prom. Notes, § 57; Byles on Bills, p. 6.
There is nothing in the pleadings or the bill of exceptions indicating that the addition of the name of u Rany Bros.” was made for any other purpose than of adding an additional maker to the note. The charge assumes that to have been the character of the addition ; for it states that the putting the name on the note after delivery, wasamatorial alteration.
If the object had been to guaranty payment, or to furnish additional security otherwise than by becoming or assuming to become a joint maker, there could be no objection to the accomplishment of such object. The new agreement, in such case, would be a collateral one, and it would leave the integrity of the original note unaffected. Nor do we suppose the case would be altered, if, in giving such security, the new party should, by mistake or inadvertence, sign the note in such way as to indicate, prima facie, that he was an original promisor, the real intention being otherwise. Such a case would fall within the principle decided in Ex parte Yates, 2 De Gex and J. 191.
In regard to what is said in the note as to the place of payment, we consider the stipulation as having no other effect upon the obligations of the parties than as specifying the place of payment. The meaning would be the same, if, in speaking of the mill, the name of the owner had been used instead of the possessive pronoun “ my.”
It is a general rule of law, that the unauthorized material alteration of a written instrument by the holder, or with his consent, .vitiates it as to non-consenting parties. The policy of the rule is to preserve the integrity of legal instruments by taking away the temptation of tampering with them.
But it is contended that the adding the name of an additional maker to a promissory note, although the instrument may at the time be held as a valid subsisting obligation against the other makers, does not constitute a material alteration. We are unable to accede to this position.
*173 The question directly arose in Gardner v. Walsh, (5 El. & Bl. 84) and was there fully considered ; and it was held by the court, (overruling Calton v. Simpson, 8 A. & E. 136,). that the addition of the name of another as maker was a material alteration, and, if made after the note was issued, would avoid it. In the opinion in that case it is said : “If, after the note is a perfect instrument, according to the intention of the parties, as the joint and several promissory note-of the defendant and Elizabeth Barton, and after it had been ‘ completed, issued and negotiated,’ the plaintiffs, without the consent of the defendant, had caused it to be signed by Alice Clarke, as a joint and several maker, along with the-defendant and Elizabeth Barton, according to principle and authority, he is discharged from his liability upon it. There would be no difficulty in showing that, under certain circumstances which might have supervened, this alteration might have been prejudicial to the defendant. But we conceive that he is discharged from his liability, if the altered instrument, supposing it to be genuine, would operate differently from the original instrument, whether the alteration be or be not to his prejudice.”
The decision is but the application of the general principle in regard to the alteration of instruments, to the particular mode of changing their legal meaning and effect by-adding new parties without the consent of those originally bound. The principle is directed not against the mode but the fact of alteration.
The case of Gardner v. Walsh, has generally been followed both in this country and in England. 1 Smith’s L. C., Master v. Miller, notes, p. 956 ; Addison on Contracts, 812 ; 2 Pars, on Notes and Bills, 556 ; Thompson on Bills, &c., 112 ; Henry v. Coats, 17 Ind. R. 162 ; Bowers’ adm’r v. Briggs, 20 Id. 139; Hall’s adm’r v. Henry, 19 Iowa R. 521; Chadwick v. Eastman, 53 Maine R. 12 ; Shipp’s adm’r v. Suggett’s adm’r, 9 B. Monroe, 8 ; Chappell v. Spencer, 23 Barb. R. 584.
The case last named is said by counsel of the defendant in error to have been overruled by the cases of Cobb v. *174 Titus, (10 N. Y. 199,) and by Brownell v. Winnie, supra. In each of these cases the action was against the new signer; and the case of Cobb v. Titus was decided several years before the case of Chappell v. Spencer.
The case of McCaughey v. Smith, (27 N. Y. 39,) is more nearly in point. In that case the action was against the indorser of a note to which the name of a new party, apparently as maker, had been added after the defendant’s indorsement and without his consent. The decision was by a divided court, five of the judges concurring and three dissenting. In the opinion of the majority, speaking to the point of the effect of an alteration, it is said: “It is certainly the result of the later authorities that the addition of another maker to a note, made by one or more parties, is a material alteration of the contract. Instead of being the several or the joint obligation of the original pai'ty or parties, it becomes the joint or joint and several ■ undertaking of different contractors. It is not material whether the change be prejudicial or the contrary; it is sufficient that it is material.” Gardner v. Walsh, and Chappell v. Spencer, are cited as supporting the doctrine. The opinion then proceeds to state that “there is a difference between the present case and these however, which must not be lost sight of;” and while the rule is not controverted, it is declared not to be applicable, in the opinion of the majority of the judges, to the case then before the court.
The rule applies of course only where the name of the new party is added in the character of maker.
Such an addition gives a different legal character to the instrument. The defendants might, by the altered condition of the note now in question, have been subjected to change of jurisdiction in the event of any litigation arising in relation to it between the parties. 9 B. Monroe, 7.
In regard to the suggestion of counsel that Rany Bros, were not bound, and the further observation that the adding of their names imposed no more legal liability upon prior parties than if their names had been forged to the note, we may remark, that no alteration, whether it amounts to *175 forgery or not, is, in fact, binding upon the non-consenting parties. If the legal operation of the instrument in its altered condition is different from the one they executed, it is sufficient for them to say of the contract evidenced by the altered instrument, into this we never entered.
The charge in the present case assumed that the adding of the name of the new party materially altered the note, but made its legal effect depend on what the plaintiff at the time conceived to be its effect, and on what he then designed as to the future use of the note. This of course involved what he conceived to be the legal character of the note before the alteration. The effect of a material alteration is thus made to depend, not upon the actual fact as to the character of the instrument before and after the alteration, but upon the conceptions and design of the holder at the time of the alteration. If the parties intended to do what they have apparently done, added a new party to the note in the character of maker, its vitiating effect cannot be avoided by the conceptions of the plaintiff as to the character of the act, nor by his design in respect to the future use of the note.
Judgment reversed and cause remanded for a new trial.
Soott, C. J., and Welch, Day, and McIlvaine, JJ., concurred.