## Joseph Jones *v.* Thomas Turner, etc.

**Contracts—Conflict of Laws.**

Whether a contract was executed in Kentucky or Ohio can not matter where the laws of each state touching the question in dispute are substantially the same.

**Guaranty—Action—Foundation of.**

In an action on a guaranty contract, it is essential that the guaranty be made the foundation of the action, and recovery must be based on such contract.

**Guaranty—Conclusions of Pleader.**

In an action on a guaranty, the conclusions of the pleader as to the purpose for which the bills were indorsed, and the legal obligation incurred by the indorsers, are of no avail.

**Guaranty—Writing Contract of Guaranty Over Guarantor's Signature.**

Where plaintiff sued defendant as a guarantor of a bill, on the back of which defendant's name was indorsed ,without a contract of guaranty being written above it, and plaintiff sets out the bill as a part of the complaint, he can not complain of the refusal of the court, after the case is ready for trial, to permit him to write out a contract of guaranty over the defendant's signature.

APPEAL FROM KENTON CIRCUIT COURT.

February 23, 1873.

OPINION BY JUDGE LINDSAY:

It is claimed that Clay purchased from Appellant Jones one hundred barrels of whisky, and offered to pay for it with two bills of exchange drawn in favor of Jones, by W. S. Lane, and accepted by Clay. That Jones refused to receive the paper in the condition presented, and that Clay procured appellees Turner, Hoffman and Anderson and Apperson to sign their names across the back of the bills for the purpose and with the intention of securing their payment to the payee Jones, and that in consideration of these signatures the latter received them in payment for the whisky. The bills were not paid, either by the acceptor or drawer, and Jones is attempting in this proceeding to hold Turner, Hoffman, Anderson and Apperson bound to him for their payment. There is some question as to

whether the contract of appellees was executed in Kentucky or Ohio, but as the laws of the two states touching the question raised are not essentially different, we deem it a matter of little or no consequence in which state it was finally consummated.

Neither the elementary writers nor the courts of the various American states are agreed as to the obligation assumed by parties writing their names upon the back of negotiable promissory notes, before the delivery to the payee and in order to induce him to accept them.

In this state it has been held that such inquiry is not to be regarded as a mere idle act, and that the endorser must be held to have had some purpose in view, and the holder of the note has been allowed to use oral testimony to show what that purpose was. The fact that a party so signing cannot well be presumed to be ordinary endorsers has inclined this court to treat them as guarantors. In the case of *Levi v. Mendell*, 1st Duvall 78, upon proof that Mendell endorsed the note at the instance of the maker and thereby induced the payee to part with his goods, he was held to be a guarantor, and the implied power of the holder to write a contract of guaranty above his signature was upheld.

The Supreme Court of Ohio has possibly gone one step further and settled in that state that the indorsement of such paper before delivering to the payee is prima facie evidence of a guaranty. (*Greenaugh v. Smead, et al.,* 3 Ohio St. 415; *Seymour & Co. v. H. Leyman, et al.,* 10 Ohio St. 283.)

Giving to appellant the full benefit of the position assumed that the doctrine cited applies as well to bills of exchange as to negotiable promissory notes (a question upon which it is not necessary that we should express an opinion), we will now consider whether or not he has sued the appellees as guarantors.

A guaranty imports *ex vi termini* a collateral undertaking. It is an accessory agreement distinct from the principal contract, the performance of which it assures. It is not a constituent part of, though it may be considered a branch of such contract, and to enforce its performance it is usually necessary to sue the guarantor in a separate action from that prosecuted against the party for whose default he agrees to answer. *Marshall v. Peck, etc.,* 1 Dana 609; Yeates v. Walker, 1 Duvall 84.

It is essential that the guaranty, or the promise to assure the

performance of the original undertaking, shall be made the foundation of the action, and the recovery must be based upon this promise. Appellant in his original petition alleged as follows: "In order to secure the payment of said bill defendants Turner, Apperson, Hoffman and Anderson endorsed their names on the back of said bill, and thereby guaranteed its payment to plaintiff at its maturity." By his first amendment he states that each of said endorsers signed his name on the back of the bill for the purpose of severally and separately securing and guaranteeing the payment thereof to him, and that they did thereby secure and guarantee its payment, etc. By his second amendment he charges that appellees endorsed the bills for the purpose of jointly and severally securing and guaranteeing their payment, and that they did thereby jointly and severally secure and guarantee, etc. It will be observed that the original and amended petitions charge substantially the same facts, and that in each of them the pleader reaches the same conclusion. The only substantive fact charged is that appellees signed their names across the back of the bills. The purpose for which the signing was done is a conclusion to be drawn either from an express agreement existing between the parties at the time or to be implied from the time, place and circumstances under which it was done. No express agreement is averred, and neither the time, place nor circumstances attending the signing are set out.

The conclusions of law as to the purpose for which the bills were endorsed and the legal obligation incurred by appellees by reason of the endorsement, are of no avail, as such purpose and obligation cannot be implied from the rest of the complaint.

It is perfectly clear that the theory of appellant was that appellees were in some way bound to him as parties to the bills, and hence he makes the bills the foundation of his action, and describes his debts "as the same in the two bills mentioned."

If they are parties to the bills, then they must be treated as ordinary endorsers, and the payee has no right of action against them. If, upon the other hand, they are guarantors, the contract of guaranty should have been declared on. As the pleadings stand, no issue of fact is made up at all. Appellees content themselves with denying the purpose reputed to them, and the legal conclusion as to their liability to Jones as guarantors. They admit the signing of their names as charged, and claim that they bound themselves as ordi-

nary endorsers of commercial paper and in no other way, in addition to which they set up certain matters of avoidance in case a contract of guaranty should be implied.

It results, therefore, as appellant did not sue upon the contract of guaranty (if one was made) he cannot complain of the refusal of the circuit court, after the cause was ready for trial, to permit him to write out such a contract over the signatures of appellees.

As the pleadings did not authorize a judgment against appellees as guarantors, it is not necessary that the remaining questions raised in the argument of the cause should be noticed.

Judgment *affirmed*.

*Eginton, Fisks,* for *appellant*.

*Pryor, Chambers,* for *appellees*.