## STATE *v.* SNELLGROVE.

Opinion delivered December 6, 1902.

1. ARSON—INDICTMENT—SURPLUSAGE.—An indictment for arson which alleges that defendant, at a time and place named, did feloniously, wilfully and maliciously set fire to and burn the house of M., is sufficient, and a further statement that the crime was committed "with the felonious, wilful and malicious intent to then and there destroy the said property" may be treated as surplusage. (Page 102.)

2. SAME—DUPLICITY.—An indictment which alleges the arson of "one house and tenement" is not bad on demurrer as charging defendant with two offenses. (Page 104.)

Appeal from Baxter Circuit Court.

JOHN B. McCALEB, Judge.

Reversed.

STATEMENT BY THE COURT.

The defendant, Felix Snellgrove, was indicted for arson by the grand jury of Baxter county. The body of the indictment is in the following language: "The grand jury of Baxter county, in the name and by the authority of the state of Arkansas, accuse Felix Snellgrove of the crime of arson, committed as follows, to-wit: The said Felix Snellgrove, in the county and state aforesaid, on the 14th day of June, A. D. 1899, did then and there feloniously, wilfully and maliciously set fire to and burn and destroy by fire one house and tenement, of the value of three hundred dollars, the property of J. G. McClelland and J. W. McClelland, the said burning and destroying of said house and tenement having been done by said Felix Snellgrove with the felonious, wilful and malicious intent to then and there injure and destroy the said property of said J. G. McClelland and J. W. McClelland, against the peace and dignity of the state of Arkansas.   [Signed]   P. H. Crenshaw, Prosecuting Attorney."

The defendant by his attorney filed a demurrer to the indictment, which was sustained by the circuit court, and, the prosecuting attorney electing to stand on the indictment, the court gave judgment on the demurrer in favor of the defendant, and quashed the indictment.   The state appealed.

*George W. Murphy, Attorney General,* for appellant.

The indictment was sufficient.   Sand. & H. Dig. §§ 1464-5; 43 Ark. 345; 29 Ark. 147.

RIDDICK, J. (after stating the facts.)   The only question on this appeal is whether the indictment against the defendant states facts sufficient to constitute the crime of arson.   The circuit court held that the indictment was insufficient, and we regret that no brief has been filed on the part of the defendant, for we are thus compelled to decide the question without knowing the grounds upon which the circuit court based its decision.

Under the common law, arson is defined to be the wilful and

malicious burning the house of another. 2 Am. & Eng. Enc. Law (2d ed.) 917. Our statute defines it as the wilful and malicious burning the house or other tenements of another person. Sand. & H. Dig. § 1464.

While other sections of the statute make it arson to burn structures which were not subjects of arson at common law, still the definition of arson at common law was not in other respects changed by the statute. *Mary* v. *State,* 24 Ark. 44.

An indictment good under the common law would be good under our statute, though it may be that, under the common-law form of indictment, one could not be convicted of arson for burning a bridge or for burning certain other structures which the statute covers. But though, under the allegation that the defendant burned a house, the state would not be permitted to prove that he burned a bridge, still the indictment would be a good indictment for burning a house, and not subject to demurrer on the ground that it stated no offense, or that it was too indefinite and uncertain.

Now the form of indictment for arson at common law, says Bishop, charges that the defendant at a time and place "a certain house of one B., there situate, did feloniously, wilfully and maliciously set fire to and burn." 2 Bishop, Crim. Proc. (3d ed.) § 33.

It will be noticed that it was not necessary to describe the building as a dwelling house, as in indictments for burglary, the word "house" in indictments for arson being sufficiently descriptive of the structure burned. Comparing this form of the common-law indictment with the indictment in this case, we see that the latter contains at least some surplusage; for, having alleged that the defendant did feloniously, wilfully and maliciously burn a certain house, it was unnecessary to allege that he did so with the intention to injure and destroy it. But this surplusage does not render the indictment bad on demurrer, nor does the use of the word "tenement," in addition to the word "house," have that effect, for, although the word "tenement" may sometimes have a broader meaning than the word "house," yet it is frequently used as meaning a house or dwelling, and in this indictment it is evidently used as synonymous with the word "house." The indictment only alleges that one object was burned, and that is described in the indictment as "one house and tenement," and we understand from

this that the defendant was charged with burning a house. *Commonwealth* v. *Bossidy*, 112 Mass. 277.

Again, as one may by the same act burn several houses, and be guilty of only one offense, there is nothing in this indictment to show an intention to charge the defendant with two offenses. So, if it be admitted that the language used means that the defendant burned a house and something more, still the indictment would be a good indictment for burning a house, for the crime would be made out by proof that defendant burned the house as alleged in the indictment, and it would be immaterial whether, in addition thereto, he burned a tenement or other structure.

In our opinion the indictment was sufficient. The judgment is therefore reversed, and the case remanded, with an order to overrule the demurrer, and for further proceedings.