# The State *v.* Young.

## *Habeas Corpus Proceedings.*

1. *Arson; constituents of offense.*—Arson is an offense against the possession rather than the property itself; and one who is in the possession and actual occupancy under a lease of the house alleged to have been burned by him, cannot be guilty of arson.

APPELL from the City Court of Selma.

Tried before the Hon. JOHN W. MABRY.

The facts of the case are sufficiently stated in the opinion.

MASSEY WILSON, Attorney-General, for the State.

HENRY F. REESE and B. J. GAYLE, *contra,* cited *Childress v. State,* 86 Ala. 77; *Winslow v. State,* 76 Ala. 42; *Heard v. State,* 81 Ala. 55; *Adams v. State,* 62 Ala. 179; *Davis v. State,* 52 Ala. 357.

DOWDELL, J.—The defendant was arrested on a warrant issued by a justice of the peace on affidavit charging him with arson, and upon preliminary hearing was by a justice of the peace committed to jail. Upon his application to the judge of the city court of Selma, he was discharged by the judge of said city court on writ of *habeas corpus.* From the judgment discharging the defendant, the State prosecutes an apepal.

The undisputed evidence was that the defendant was in the possession and actual occupancy under a lease of the house alleged to have been burned by him. Arson at common law as well as under the statute is an offense against the possession rather than the property.—*Heard v. The State,* 81 Ala. 55; *Adams v. The State,* 62 Ala. 177. The defendant was, in a sense, during the term of the lease and while in the possession and occupancy of the

house, the owner. Under the above authorities, and the case of *Sullivan v. State*, 5 Stew. & Porter, 178, the judge of the city court properly discharged the defendant, and the judgment will be affirmed.

Affirmed.