STATE v. HANNA.

Opinion delivered November 19, 1917.

1. STATUTES—CONSTRUCTION.—Parts of statutes relating to the same subject must be read in the light of each other.

2. ARSON—BURNING ONE'S OWN HOUSE.—Defendant can not be indicted for the crime of arson under Kirby's Digest, section 1576, for the burning of his own dwelling house.

3. ARSON—BURNING ONE'S OWN DWELLING HOUSE.—Kirby's Digest, section 1576, which provides that "every person who shall wilfully and maliciously burn, or cause to be burned, any dwelling house or other house, although not herein specially named, shall be deemed guilty of arson," must be read in connection with Kirby's Digest, section 1575, which provides, "arson is the wilful and malicious burning the house or other tenements of *another person.*"

Appeal from Benton Court; *J. S. Maples,* Judge; affirmed.

*John D. Arbuckle,* Attorney General, *T. W. Campbell,* Assistant, for appellant; *F. G. Lindsey,* of counsel.

1. The burning of one's own dwelling is a crime under our statutes. 1 Wharton Cr. Law (10 Ed.), §§ 825, 830, note 4; 2 R. C. L. 503, § 8; 78 Mo. 307, 313; 19 N. Y. 537; 51 N. H. 176; 8 La. Ann. 109; 12 *Id.* 382; 21 *Id.* 157; 36 Cyc. 1114, § 3; 80 Conn. 646; 232 Ill. 312; 169 Ind. 691; 60 Neb. 384; 162 Fed. 331; 168 U. S. 95; 206 Mo. 541; Kirby's Digest, § 1576.

HART, J. It is conceded by the Attorney General and the special counsel for the State that this appeal involves the question of whether the burning of one's own dwelling house is an indictable offense under Section 1576 of Kirby's Digest. At common law arson was regarded as an offense against the possession rather than the property. Consequently arson was defined as the malicious and wilful burning of another's house. By "another's house," in the definition, is meant another's to occupy. Bishop's New Criminal Law (8 Ed.), Vol. 2,

Secs. 8-12, and Wharton's Criminal Law (11 Ed.), Vol. 2, Secs. 1049-1051.

Counsel for the State contend that the common law rule stated has been changed by our statute. They insist that the general spirit of our statute on the subject of arson indicates that the Legislature intended to change the nature of the offense to one against the property instead of against the security of the home. Their claim is not without merit, but we think it is contrary to the previous decisions of this court.

We quote from Kirby's Digest, as follows:

"Sec. 1575. Arson is the wilful and malicious burning the house or other tenements of another person.

Sec. 1576. Every person who shall wilfully and maliciously burn, or cause to be burned, any dwelling house or other house, although not herein specially named, shall be guilty of arson.

Sec. 1577. If any person shall wilfully and maliciously burn, or cause to be burned, any statehouse, courthouse, prison, church, bridge, or any other public building, although not herein specially named, such person, on conviction, shall be adjudged guilty of arson.

Sec. 1578. If any person shall wilfully set fire to his own buildings or other property with the intent to burn the property of any other person, and the property or building of any other person shall thereby be burned, such person shall be deemed guilty of arson."

These sections were a part of the Revised Statutes. In the case of *Mary* v. *State,* 24 Ark. 44, it was insisted that an indictment for arson was fatally defective because it failed to allege that the house was burned. The court held that the burning necessary to constitute arson of a house at common law, must be an actual burning of the whole or some part of the house; but that it was not necessary that any part of the house should be wholly consumed; and that our statute does not materially change the common law definition of the offense.

The four sections of the statute above quoted, together with another section relating to arson were copied

in the opinion and the court said: "Our statute makes
it arson to burn buildings, etc., which by the common law
were not the subjects of arson, but does not otherwise
materially change the common law definition of the of-
fense."

Again in the case of *State* v. *Snellgrove,* 71 Ark. 101,
the court had under consideration the question of whether
or not the indictment stated facts sufficient to constitute
the crime of arson. The court said:

"Under the common law, arson is defined to be the
wilful and malicious burning the house of another. 2
Am. & Eng. Enc. Law (2 Ed.), 917. Our statute defines
it as the wilful and malicious burning the house or other
tenements of another person. Sand. & H. Dig. 1464.

While other sections of the statute make it arson to
burn structures which were not subjects of arson at com-
mon law, still the definition of arson at common law was
not in other respects changed by the statute. *Mary* v.
*State,* 24 Ark. 44."

In both these cases the court expressed the view
that the common law definition of arson had not been
materially changed except to add other buildings which
were not subjects of arson at common law. It can not
be said that the language of the court in this respect was
*obiter dictum* because it was part of the reasoning of
the court in reaching its conclusion on the validity of the
indictments and the conclusion of the court is in accord
with the settled rules of statutory construction. Parts
of statutes relating to the same subject must be read in
the light of each other. When this is done it is evident
that the Legislature did not have in mind to change the
offense of arson from a crime against the possession to
one against the property.

The first section of our statute defines arson as the
wilful and malicious burning of the house or other tene-
ments of another person. When this section is read in
connection with those following, the buildings named in
them must necessarily refer to buildings of another per-
son than the one doing the burning. If the second sec-

tion is to be construed as changing the common law rule so as to make arson include the burning of the buildings of one doing the burning, obviously there is no place in the statute for the first section. In other words it would be a vain and useless thing for the first section to define arson as the wilful and malicious burning the house or other tenements of another person and in the section next following to enlarge the definition to include the house of the person doing the burning. Such a conclusion would make the two sections in conflict with each other instead of harmonizing them. This view is strengthened when we consider section 1576. It would serve no useful purpose to make it an offense for a person to set fire to his own building with intent to burn the property of another person if it was a crime under section 1576 to wilfully and maliciously burn his own house, for it is obvious that the burning of his own house would be malicious if it was done for the purpose of setting fire to the property of another.

Counsel for the State in support of their contention cite the cases of *State* v. *Hurd,* 51 N. H. 176, and *State* v. *Cazeau,* 8 La. Ann. 109. It is true that in each of those states there is a section similar to Section 1576 of Kirby's Digest, but an examination of the statutes of each of those states show that there is no section corresponding to Section 1575 of Kirby's Digest. Hence the section which corresponds to section 1576 was the only definition given in the statute of the crime of arson and the court properly held that it changed the crime from one against the habitation or dwelling place to one merely against the property.

As above stated the language of Section 1576 of Kirby's Digest must be read in connection with the section preceding it and those following it and when this is done it is evident that arson in this State is still an offense against the possession rather than the property.

It follows that the judgment must be affirmed.