STATE *v.* BLUMENTHAL.

## Opinion delivered April 15, 1918.

1. STATUTES—RULES OF CONSTRUCTION—COMMON LAW—In construing statutes, the common làw in force at the time the statute was passed is to be taken into account.

2. ARSON—"DWELLING HOUSE."—For purposes of arson the term "dwelling house" comprehends not only the mansion house, but all outhouses which are a parcel thereof, though not contiguous to it.

3. SAME—HOUSE.—In the definition of arson the word "house" means the dwelling house and outhouses which are a part thereof, and the words "or other tenement" means a house occupied by a tenant.

4. ARSON—LEGISLATIVE DEFINITION.—By Kirby's Digest, § 1575, defining the crime of arson, *held*, the common-law rule was abrogated, that a lessee could not be guilty of a felony in burning the premises occupied by him as lessee.

5. ARSON—BURNING OF BUILDING BY TENANT.—A tenant may be guilty of arson in setting fire to, and burning the landlord's dwelling house, which is occupied by the tenant.

Appeal from Cross Circuit Court; *W. J. Driver,* Judge; reversed.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellant; *F. G. Lindsey,* of counsel.

1.   A tenant who wilfully burns a house occupied by himself, but which belongs to another person, is guilty of arson. 131 Ark. 129; 2 Bish. Cr. Law, § 8; Black, Law Dict., "Arson;" Kirby's Dig., § § 1576-9; 131 Ark. 185; 61 Mo. 276; 25 Col. 261; 1 Wash. 345; 109. Ind. 527; 10 Oh. St. 287.

HART, J.   This appeal is prosecuted by the State to reverse a judgment sustaining a demurrer to an indictment for arson against Dr. H. M. Blumenthal. There was an agreement between counsel for the State and for the defendant that it was the intention in the indictment to charge the defendant with wilfully and maliciously and feloniously setting fire to and burning a dwelling house belonging to Mrs. Sallie A. Hancock while he was in pos-

session of it and occupied it as her tenant. It appears from the record that the court below sustained the demurrer upon the agreed statement of facts.

We will treat the indictment as the parties themselves, and the court below, treated it, as presenting for decision the question of whether or not, under our statute, a tenant can be guilty of arson in setting fire to and burning the dwelling house of his landlord occupied by him.

In the case of the *State* v. *Hanna,* 131 Ark. 129, 198 S. W. 881, the court held that the burning of a house by the owner does not constitute the crime of arson at common law for the reason that it is essential to the common law offense that the property burned should be that of another person. The court further held that the common law rule in this respect has not been changed by our statute defining arson. At common law not only the bare dwelling house, but all the outhouses which are a parcel thereof, though not contiguous thereto, or under the same roof, as barns and stables, may be the subject of arson. Cooley's Blackstone, book 4, *page 221, and Greenleaf on Evidence, (15 ed.), vol. 3, par. 52. In the same section the learned author says that if a landlord or reversioner sets fire to his own house, of which another is in possession under a lease from himself, or from those whose authority he hath, it shall be accounted arson.

Under the common law and under statutes which follow the common law and make no changes in it, arson is an offense against the possession rather than against the property itself; and a tenant who is in possession of, and in actual occupancy of the building burned, under a lease, can not be guilty of arson in burning it. *State* v. *Young,* 139 Ala. 136, 101 Am. St. Rep. 21; *State* v. *Fish,* 27 N. J. L. 323; *State* v. *Hannett,* 54 Vt. 83; *State* v. *Lyon,* 12 Conn. 486; *Snyder* v. *The People,* 26 Mich. 106, case note 1 A. & E. Ann. Cas. at page 621; Greenleaf on Evidence, (15 ed.), vol. 3, par. 54; Wharton on Criminal Law (11

ed.), vol. 2, sec. 1051, and Bishop's New Criminal Law, vol. 2, sec. 13.

In *Allen* v. *State,* 10 Ohio St. Rep. 287, the court pointed out that at common law for a tenant to burn a building belonging to another, of which he was in possession, was a high misdemeanor, and punished by fine and pillory and surety required for future good behavior.

(1)    The section of our statute which defines arson reads as follows: "Arson is the wilful and malicious burning of the house or other tenement of another person." Kirby's Digest, § 1575. This section was a part of the Revised Statutes and it is a rule of construction in this State that the common law in force at the time the statute was passed is to be taken into account in construing the statute. *State* v. *Pierson,* 44 Ark. 265; *Furth* v. *Furth,* 97 Ark. 272, and *State* v. *Hanna, supra.*

In the first mentioned case Chief Justice COCKRILL said:

"Coke says 'to know what the common law was before the making of the statute is the very lock and key to set open the windows of the statute.' "

It must be assumed, then, that the law-makers had in mind the above summary of the common law when they framed our section of the statute defining arson. The question is whether or not the definition given arson in the statute has made any change which affects this case.

(3-4)    The word "house" in the definition of arson at the common law imports a dwelling house; and as we have already seen the term "dwelling house" comprehends not only the mansion house, but all outhouses which are a parcel thereof, though not contiguous to it. The words "or other tenement" are not to be deemed to have been used in the statute as synonymous with the word "house." Tenement in its broadest sense signifies everything that may be holden, provided it be of a permanent nature. In its restrictive sense it is only applied to houses and other buildings. Blackstone Com. by Lewis, book 2, *page 17. The word "other" as defined by the Century

Dictionary, means a different person or thing from the one in view or under consideration or just specified; additional. So it may be said that the word "house" means the dwelling house and outhouses which are a part thereof and the words "or other tenement" means a house occupied by a tenant. This would give effect to and harmonize the words used in the statute. The use of the word "other" in connection with the word "tenement" emphasizes the fact that the Legislature did not intend to use those words as synonymous with the word "house." For the word "other" indicates that the Legislature had in view a building different from the one just specified. In short we are of the opinion that the framers of the statute in defining arson intended to abrogate the common law rule that a lessee could not be guilty of a felony in burning the premises occupied by him as such.

Counsel for the State in support of their contention cite the cases of *State* v. *Moore,* 61 Mo. 276; *Allen* v. *State,* 10 Oh. St. 287; *Garrett* v. *State* (Ind.), 10 N. E. 570, and other cases of like character. We have not cited these cases or referred to them as sustaining the conclusion reached by the court for the reason they were rendered under statutes which have wrought many and radical changes in the common law offense of arson. All of these cases, however, recognized the common law to be as we have stated it. Indeed, the common law on the subject is established by an unbroken chain of decisions, English and American. An examination of the statutes of each of the States in the cases cited by counsel for the State show that they have no section of the statute defining arson as we have. The statutes on their faces indicated that the Legislature intended to make radical and sweeping changes in the common law. For instance, section 1 of the Missouri statute makes it arson in the first degree to set fire to or burn any dwelling house, bridge, etc., in which there shall be at the time some human being. Section 3 provides that setting fire to a shop, warehouse, etc., adjoining any inhabited dwelling house shall be arson in

the second degree. Section 5 provides that setting fire to or burning any house, building, etc., or vessel of another, shall be arson in the third degree.

In the case of *The State* v. *Moore, supra,* the court held that under the statutory provisions of arson in the State of Missouri the offense in the third degree was directed not at the posession but at the property of another, and on that account made a radical change in the common law so that a tenant might commit arson with respect to the house occupied by himself. Both the Ohio and the Indiana statutes made it arson to burn the house of any other person of a certain designated value. There were also other provisions in the statutes indicating the intention of the Legislature to make radical changes in the common law. It was also said that the statutes against the burning of buildings were not confined to the common law offense in those States. Therefore, we have preferred to place our decision upon what we believe to be the plain and ordinary meaning of the words used in the statute when taken in connection with the other words used and the common law on the subject. In our other cases on the subject the court has recognized that the common law definition of arson has not been materially changed except to add other buildings which were not the subject of arson at the common law.

(5) It follows that the circuit court erred in holding that, under our statute, the tenant or lessee in possession was not guilty of arson if he burned the dwelling of which he was in possession.

Therefore, the judgment will be reversed with directions to overrule the demurrer and for further proceedings according to law.