## STATE *v.* BLUMENTHAL.

### Opinion delivered April 15, 1918.

1. ARSON—SUBJECT OF OFFENSE—DWELLING HOUSES AND OUTBUILDINGS.—At common law not only the bare dwelling houses, but all the outhouses which are a parcel thereof, though not contiguous thereto, or under the same roof, may be the subject of arson.

2. ARSON—BURNING BY TENANT.—Under the common law, arson is an offense against the possession rather than against the property itself, and a tenant in possession of the building burned can not be guilty of arson in burning it.

3. ARSON—BURNING BY TENANT—STATUTES—"HOUSE"—"DWELLING HOUSE"—"TENEMENT"—"OR OTHER TENEMENT"—"OTHER."—Under Kirby's Dig., § 1575, defining arson as the willful and malicious burning of the house or other tenement of another person, a tenant who burns a dwelling house of which he is in possession is guilty of arson, the statute being intended to abrogate the common-law rule; the word "house" in the definition of "arson" at common law importing a "dwelling house," which comprehends outhouses which are a parcel thereof, though not contiguous thereto, the words "or other tenement" not being used in the statute as synonymous with "house," "tenement" signifying every-

thing that may be holden, if of a permanent nature, and in its restrictive sense applying only to houses and other buildings occupied by a tenant, and the word "other" meaning a different person or thing from the one under consideration or just specified, in the sense of "additional."

Appeal from Cross Circuit Court; *W. J. Driver,* Judge.

Dr. H. M. Blumenthal was indicted for arson. From a judgment sustaining a demurrer to the indictment, the State appeals. Reversed with directions.

*Jno. D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for the State.

HART, J. This appeal is prosecuted by the State to reverse a judgment sustaining a demurrer to an indictment for arson against Dr. H. M. Blumenthal. There was an agreement between counsel for the State and for the defendant that it was the intention in the indictment to charge the defendant with wilfully and maliciously and feloniously setting fire to and burning a dwelling house belonging to Mrs. Sallie A. Hancock while he was in possession of it and occupied as her tenant. It appears from the record that the court below sustained the demurrer upon the agreed statement of facts.

We will treat the indictment as the parties themselves, and the court below treated it as presenting for decision the question of whether or not under our statute a tenant can be guilty of arson in setting fire to and burning the dwelling house of his landlord occupied by him. In the case of the *State* v. *Hanna,* 131 Ark. 129, the court held that the burning of a house by the owner does not constitute the crime of arson at common law for the reason that it is essential to the common-law offense that the property burned should be that of another person. The court further held that the common-law rule in this respect has not been changed by our statute defining arson.

(1)) At common law not only the bare dwelling house, but all the outhouses which are a parcel thereof, though not contiguous thereto, or under the same roof, as barns and stables, may be the subject of arson. Cooley's Blackstone, Book 4, *p. 221, and Greenleaf on Evidence (15 Ed.) vol. 3, par. 52. In the same section the learned author says that if a landlord or reversioner sets fire to his own house, of which another is in possession under a lease from himself, or from those whose authority he hath, it shall be accounted arson.

(2) Under the common law and under statutes which follow the common law and make no changes in it, arson is an offense against the possession rather than against the property itself; and a tenant who is in possession of and in actual occupancy of the building burned, under a lease, can not be guilty of arson in burning it. *State* v. *Young,* 139 Ala. 136, 36 South. 19, 101 Am. St. Rep. 21; *State* v. *Fish,* 27 N. J. Law, 323; *State* v. *Hannett,* 54 Vt. 83; *State* v. *Lyon,* 12 Conn. 487; *Snyder* v. *People,* 26 Mich. 106, 12 Am. Rep. 302, case note 1 A. & E. Ann. Cas. at page 621; Greenleaf on Evidence (15 Ed.) vol. 3, par. 54; Wharton on Criminal Law (11 Ed.), vol. 2, § 1051; Bishop's New Criminal Law, vol. 2, § 13. In *Allen* v. *State,* 10 Ohio St. Rep. 287, the court pointed out that at common law for a tenant to burn a building belonging to another, of which he was in possession, was a high misdemeanor, and punished by fine and pillory and surety required for future good behavior.

(3) The section of our statute which defines arson reads as follows:

"Arson is the wilful and malicious burning the house or other tenements of another person." Kirby's Digest, § 1575.

This section was a part of the Revised Statutes, and it is a rule of construction in this State that the common law in force at the time the statute was passed is to be taken into account in construing the statute. *State* v. *Pierson,* 44 Ark. 265; *Furth* v. *Furth,* 97 Ark. 272, 133 S. W. 1037, Ann. Cas. 1912-D, 595, and *State* v. *Hanna,*

*supra.* In the first mentioned case Chief Justice Cock-
rill said:

"Coke says, 'To know what the common law was be-
fore the making of the statute is the very lock and key to
set open the windows of the statute.'"

It must be assumed, then, that the lawmakers had in
mind the above summary of the common law when they
framed our section of the statute defining arson. The
question is whether or not the definition given arson in
the statute has made any change which affects this case.

The words "house" in the definition of arson at the
common law imports a dwelling house; and as we have
already seen the term "dwelling house" comprehends
not only the mansion house, but all outhouses which are
a parcel thereof, though not contiguous to it. The words
"or other tenement" are not to be deemed to have been
used in the statute as synonymous with the word
"house." Tenement in its broadest sense signifies
everything that may be holden, provided it be of a per-
manent nature. In its restrictive sense it is only applied
to houses and other buildings. Blackstone, Com. by
Lewis, Book 2, \*p. 17. The word "other," as defined by
the Century Dictionary, means a different person or
thing from the one in view or under consideration or just
specified; additional. So it may be said that the word
"house" means the dwelling house and outhouses which
are a part thereof, and the words "or other tenement"
mean a house occupied by a tenant. This would give
effect to and harmonize the words used in the statute.
The use of the word "other" in connection with the
word "tenement" emphasizes the fact that the Legisla-
ture did not intend to use those words as synonymous
with the word "house." For the word "other" indi-
cates that the Legislature had in view a building differ-
ent from the one just specified. In short, we are of the
opinion that the framers of the statute in defining arson
intended to abrogate the common-law rule that a lessee
could not be guilty of a felony in burning the premises
occupied by him as such.

Counsel for the State, in support of their contention, cite the cases of *State* v. *Moore,* 61 Mo. 276; *Allen* v. *State,* 10 Ohio St. 287; *Garrett* v. *State,* 109 Ind. 527, 10 N. E. 570, and other cases of like character. We have not cited these cases or referred to them as sustaining the conclusion reached by the court for the reason they were rendered under statutes which have wrought many and radical changes in the common-law offense of arson. All of these cases, however, recognized the common law to be as we have stated it. Indeed the common law on the subject is established by an unbroken chain of decisions, English and American. An examination of the statutes of each of the States in the cases cited by counsel for the State show that they have no section of the statute defining arson as we have. The statutes on their faces indicated that the Legislature intended to make radical and sweeping changes in the common law. For instance section 1 of the Missouri statute (Wag.. St. c. 42, art. 3) makes it arson in the first degree to set fire to or burn any dwelling house, bridge, etc., in which there shall be at the time some human being. Section 3 provides that setting fire to a shop, warehouse, etc., adjoining any inhabited dwelling house, shall be arson in the second degree. Section 5 provides that setting fire to or burning any house, building, etc., or vessel of another, shall be arson in the third degree.

In the case of the *State* v. *Moore, supra,* the court held that under the statutory provisions of arson in the State of Missouri the offense in the third degree was directed not at the possession, but at the property of another, and on that account made a radical change in the common law, so that a tenant might commit arson with respect to the house occupied by himself. Both the Ohio and the Indiana statutes made it arson to burn the house of any other person of a certain designated value. There were also other provisions in the statutes indicating the intention of the Legislature to make radical changes in the common law. It was also said that the statutes against the burning of buildings were not confined to the

common-law offense in those States. Therefore we have preferred to place our decision upon what we believe to be the plain and ordinary meaning of the words used in the statute when taken in connection with the other words used and the common law on the subject. In our other cases on the subject the court has recognized that the common-law definition of arson has not been materially changed, except to add other buildings which were not the subject of arson at the common law.

It follows that the circuit court erred in holding that, under our statute, the tenant or lessee in possession was not guilty of arson if he burned the dwelling of which he was in possession.

Therefore the judgment will be reversed, with directions to overrule the demurrer, and for further proceedings according to law.