I must respectfully dissent from the decision reached by the majority in this case with regards to appellant's third assignment of error.
In State v. Gavin (1977), 51 Ohio App.2d 49, the court stated at 53:
 "It is fundamental that the bias of a witness may be explored to test credibility. Allen V. State (1859), 10 Ohio St. 287, 306; Tulli.s v. State (1883), 39 Ohio St. 200, 202."
Further, as the majority correctly notes, Evid.R. 616 provides that, "[b]ias, prejudice, interest, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by extrinsic evidence."
Although I agree that the trial court has wide discretion to exclude or admit evidence, it may not abuse such discretion to the prejudice of a defendant. The incident in question in this case occurred on April 19, 1995. North originally indicated to police officials that the victim was shot and killed in a drive-by shooting. Three weeks later, he recanted such statement and informed police officials that appellant actually shot the victim. On June 23, 1995, the Mahoning County Grand Jury indicted appellant. According to the evidence proffered by defense counsel, on June 27, 1995, the charges against the prosecution's key witness in this case, North, were dismissed. Additionally, defense counsel proffered evidence that such charges were dismissed in exchange for North's cooperation with the police and testimony before the grand jury against appellant.
Clearly the fact that the criminal charges against prosecution's witness, North, were dismissed was essential to appellant's case in order to impeach the credibility of the primary witness against him. Therefore, the trial court erred in failing to permit evidence of North's dismissed criminal charges into evidence and in failing to allow any subsequent line of questioning in this regard. Consequently, I would reverse and remand this cause of action for a new trial.
APPROVED:
 __________________________________ EDWARD A. COX, PRESIDING JUDGE